225 EAST 19TH STREET CORP., Respondent, *v.* KIM SANDS et al., Appellants.

First Department, February 15, 1955.

*Charles H. Birdsall* of counsel (*Paxton Blair* with him on the brief; *Charles H. Birdsall,* attorney), for appellants.

*Barnet S. Blume* of counsel (*Barnet S. Blume* and *Rose Lehman Stein,* attorneys), for respondent.

*Per Curiam.* The tenants, who are mother and daughter, answered the advertisement of a real estate broker offering an apartment for " professional use ". It consisted of a living room, a bedroom and an alcove containing a kitchen and bath. After an inspection, the tenants found the apartment to be satisfactory. The broker then drew an agreement that the tenants were to pay him 10% commissions for finding the apartment. This agreement recited that the premises were to be used for " professional and living ". A lease was then drawn, which recited that the apartment was rented for occupancy only by tenants for their professional use. A rider contained a recital of a statement by the tenant (daughter) that " she is a Free Lance Writer and requires these premises in which to do her professional work," and also provided that " the tenant may reside in not more than 49% of these premises if she so desires ".

Prior to drawing the lease, the agent had asked the daughter the nature of her business, and was told that she had previously done some writing for a named magazine while working on a regular salary, but was presently unemployed. The agent volunteered that the daughter would qualify as a professional — " a free lance writer ". This was part of a conversation in which the daughter explained that she needed two rooms so that her mother could live with her, and that they would both live in the apartment.

The controlling issue is whether it was known that, in fact, the premises were to be used as housing accommodations. They had theretofore been rented as such, with a controlled rent of $51.75 per month. The new rent charged to these tenants was $80 a month.

We think that the evidence warranted the finding of the Municipal Court that the letting was in fact for residential purposes, and that the method followed was a scheme for evading the statute (State Residential Rent Law, § 10; L. 1946, ch. 274, as amd. by L. 1951, ch. 443; *Sylvester* v. *Bernstein,* 283 App. Div. 333, affd. 307 N. Y. 778; *Estro Chem. Co.* v. *Falk,* 303 N. Y. 83).

Accordingly, we reverse the determination and order of the Appellate Term and reinstate the judgment of the Municipal Court.

COHN, J. P. (dissenting). I dissent and vote to affirm.

A landlord has a right to rent vacant premises for professional instead of dwelling purposes where there is no intent

to practice subterfuge and circumvent the statute. Upon the evidence here, this landlord entered into a lease with the tenant in good faith, relying on her representations, both oral and written, that she was a free-lance writer and would occupy the premises for professional purposes. This followed an advertisement of a real estate broker offering the premises for professional use. It is not disputed that other apartments in the same building have been and are so leased.

After the lapse of three years, the tenant reverses her position and now claims that she made her representations and entered into the lease with mental reservations that the apartment would not be used for professional purposes, and now seeks to recover back with penalties excessive rent allegedly paid. The record establishes that the landlord acted honestly and in good faith, and was deceived by a prospective tenant into believing that the premises were being hired and were to be used for a professional use and not for residential use, and that there was here no intent to evade the statute.

In my view, the determination of the Appellate Term which reverses the final order of the Municipal Court on the ground that it is against the weight of the evidence and contrary to law was fully warranted.

CALLAHAN, BREITEL, BOTEIN and RABIN, JJ., concur in *Per Curiam* opinion; COHN, J. P., dissents and votes to affirm in opinion.

Determination and order of Appellate Term reversed and judgment of Municipal Court reinstated. Settle order. [See *post*, p. 942.]