■ In the Matter of SOVEREIGN APARTMENTS, INC., et al., Appellants, v NEW YORK CITY RENT CONCILIATION AND APPEALS BOARD, Respondent; BERNARD SENNET, Individually and on Behalf of Other Tenants of Sovereign Apartments, Inc., Similarly Situated, Respondent-Intervenor-Respondent, and MEYERS PARKING SYSTEM, INC., Appellant. — Judgment, Supreme Court, New York County, entered on November 21, 1979, affirmed for the reasons stated by Ascione, J., at Special Term. Respondent-intervenor-respondent shall recover of the appellants one bill of $75 costs and disbursements of this appeal. Concur — Sandler, J.P., Sullivan, Ross and Silverman, JJ.

Lupiano, J., dissents in part in the following memorandum: This article 78 proceeding has as its genesis a dispute between the owner of the Sovereign Apartments Building, located at 425 East 58th Street, New York, New York, and Bernard Sennet, a tenant, concerning the propriety of rentals charged at the Sovereign Garage from September 1, 1977 to date. The owner transferred possession and operation of the Sovereign Garage to the Meyers Parking Systems, Inc., effective December 1, 1978, pursuant to a 15-year lease. While the primary nondelegable duty to charge garage rentals in accordance with the Rent Stabilization Law rested on the landlord, that duty was delegated pursuant to the 15-year lease to Meyers Parking Systems, Inc. Thus, for overcharges from September 1, 1977 to date, the landlord would be responsible. However, Meyers would be responsible for overcharges only from the effective date it obtained possession and control of the garage, to wit, December 1, 1978 to date. The New York City Rent Conciliation and Appeals Board in its order rendered on May 10, 1979, provided, in pertinent part: "The owner is directed to arrange for the roll back of the garage rent to the stabilized amount of $138.13 per month; and for the refund or credit to the tenant, against the next month's rent for any rent paid in excess of $138.13 per month from September 1, 1977 to date * * * If the Owner fails to arrange for the refund of the excess rent collected by the next rent payment date, then the tenant shall deduct the refund from the next month(s) garage rent until fully credited." The result of such determination is that Meyers suffered the burden of refunding not only alleged overcharges it had collected since December 1, 1978, but alleged overcharges collected and retained by the owner from September 1, 1977 through November, 1978. It is this latter aspect of the CAB determination which is patently improper. It follows that the order of the CAB should be modified to provide that if the owner fails to arrange for the refund of the excess rent collected by the next rent payment date, then the tenant shall deduct the refund due for the period commencing December 1, 1978 to date from the

next month(s) garage rent until fully credited. Accordingly, I would modify the judgment appealed from by granting the petition solely to the extent of vacating the last paragraph of the CAB determination, dated May 10, 1979, and substituting in its place the following: "If the owner fails to arrange for the refund of the excess rent collected by the next rent payment date, then the tenant shall deduct the refund due for the period commencing December 1, 1978 to date from the next month(s) garage rent until fully credited" and, as so modified, I would affirm. With regard to the excess rent collected for the period September 1, 1977 through November, 1978, such excess rent is solely the responsibility of the landlord and tenants may recover same only from the landlord in accordance with the CAB determination and such further proceedings in respect of same the tenants are advised to undertake.