ESTRO CHEMICAL CO., INC., Appellant, *v.* HARRIET V. FALK, Respondent.

Argued May 15, 1951; decided July 11, 1951.

*Raphael H. Weissman* for appellant. I. The release given without consideration was merely a '' waiver '' of the statutory right to recover the excess over the emergency rent paid and, as such, it is '' unenforceable and void '' by the express provisions of the Commercial Rent Law. (*O'Neil* v. *Brooklyn Sav. Bank,* 267 App. Div. 317, 293 N. Y. 666, 324 U. S. 697; *Giannini* v. *Sheeran,* 276 App. Div. 760.) II. To exclude from the operation of the statute against '' any waiver '' a release concededly given without consideration, on the ground that there was '' entire freedom of contract '' when given, is to read a limitation into the statute contrary to its plain meaning and is to frustrate the public policy of the Commercial Rent Law, expressly declared to be anti-inflationary. (*Matter of Katz's Delicatessen* v. *O'Connell,* 302 N. Y. 286.)

*Otto A. Samuels* for respondent. I. The release though general in form concededly covers the claim in this action. II. The release is not within the scope or intent of the Commercial

Rent Law. (*Twentieth Century Associates* v. *Waldman,* 294 N. Y. 571; *Matter of Fifth Madison Corp.* [*New York Tel. Co.*], 297 N. Y. 155; *Morse & Grossman, Inc.,* v. *Acker & Co.,* 297 N. Y. 304; *White-Way Arcade* v. *Broadway Turtle King, Inc.,* 273 App. Div. 281; *D. A. Schulte, Inc.,* v. *Gangi,* 328 U. S. 108; *Matter of Cretella* v. *New York Dock Co.,* 289 N. Y. 254.) III. There is a clear distinction between releases given before and those given after the cause of action accrued. (*Wood Co.* v. *Horgan,* 291 N. Y. 422; *Seeley* v. *Prentiss Tool & Supply Co.,* 158 App. Div. 853, 216 N. Y. 687; *Maruzzella* v. *Metro Associated Services,* 275 App. Div. 114; *Lackey* v. *Hempel,* 276 App. Div. 909; *St. Andrews Parish* v. *Gallagher,* 121 Misc. 167.) IV. The release operated as a gift, for which no consideration is required. (*McKenzie* v. *Harrison,* 120 N. Y. 260; *Gray* v. *Barton,* 55 N. Y. 68; *Ferry* v. *Stephens,* 66 N. Y. 321; *Carpenter* v. *Soule,* 88 N. Y. 251.)

CONWAY, J. This is an action brought by the plaintiff tenant, in its first cause of action, to recover from the landlord rent paid in excess of the emergency rent permissible under the applicable provisions of the Commercial (Emergency) Rent Law (L. 1945, ch. 3, as amd.). That excess rent, it is alleged in the complaint, was paid under a rental agreement between plaintiff and defendant which continued up to February, 1949.

In contemplation of termination of the agreement just mentioned, negotiations were commenced in February, 1949, looking toward a new one. On the 21st day of February, the two parties executed an agreement to submit to a named arbitrator the determination of a reasonable rent for the commercial space involved, to be based upon the fair rental value thereof as of the date of submission. An award was made and a lease thereupon entered into for a term of three years ending in February, 1952. The award was confirmed in all respects by the Supreme Court of the State of New York. In this second cause of action, plaintiff alleges that the arbitration was a fabrication and a sham contrived to give color of legality to the rent reserved in the new agreement which was in excess of the fair rental value of the commercial space demised.

Limiting ourselves now to a consideration of the first cause of action pleaded, the landlord's answer in addition to certain

denials, pleaded as an affirmative defense a release in writing claimed to have been given for a valuable consideration. We shall assume for the purpose of our discussion that the release was based upon valid consideration since it is so pleaded in the answer. The question presented then is whether under the statute there can be a valid release given to a landlord by a tenant after a cause of action has accrued to the tenant for the recovery of excessive rent paid to the landlord. We have reached the conclusion that it may not.

The statute, section 12, expressly forbids the waiver of any of its provisions in the following words: '' Any waiver of any of the provisions of this act shall be unenforceable and void.'' In section 1 of the act it is declared that a public emergency exists, that action by the Legislature is imperative and will not permit of delay; that the emergency legislation affecting rent for commercial space in certain cities is necessary to remedy the exaction of unjust, unreasonable and oppressive leases and agreements for such space. We sustained the validity and constitutionality of the act in *Twentieth Century Associates* v. *Waldman* (294 N. Y. 571, 581), pointing out that so far as tenants were concerned, '' * * * the Legislature was justi-fied in concluding that there was no reality of consent; that their ' freedom of contract ' had become an illusory concept and that their existing leases had created, and would continue to con-tribute to, the public emergency.'' We are satisfied that the act was intended to apply to the facts disclosed in this record. One of the purposes of the act was to prevent excessive rents. The legislation was a recognition of the fact that as a result of the unequal bargaining power between landlord and tenant, businessmen required compulsory legislation to prevent rental agreements of commercial space from becoming or continuing to be unjust and oppressive. The same policy considerations which forbid waiver of basic maximum rents under the act, also prohibit waiver or release of the tenant's right to the return of moneys paid in excess of such maximum rents. This view accords with that expressed in *O'Neil* v. *Brooklyn Sav. Bank* (267 App. Div. 317, affd. 293 N. Y. 666, affd. *sub nom. Brooklyn Sav. Bank* v. *O'Neil* 324 U. S. 697). Knowledge on the part of a landlord that he cannot escape liability for excess payments of

rent under *any* circumstances, tends to insure compliance with the statute. The obtaining of excessive rents strikes at the very purpose of the act. Any agreement by which a tenant waives or releases the benefits conferred by the act, nullifies that purpose and must be held to be expressly forbidden by section 12.

There are decisions of this court holding that contracts to waive in advance the provisions of a statute are void but that subsequent agreements, after liability or default has occurred, wherein the parties in good faith and for a new consideration attempt to settle differences between them, are enforcible. (See *Wood Co.* v. *Horgan,* 291 N. Y. 422; *Seeley* v. *Prentiss Tool & Supply Co.,* 158 App. Div. 853, affd. 216 N. Y. 687; *Adler* v. *Weis & Fisher Co.,* 218 N. Y. 295.) However, we think that the express provision of the statute now under consideration and public policy require a holding in cases such as this, involving as it does excessive payment of rent, that under no circumstances may tenants waive or release or otherwise settle by agreement their right to recover rent paid in excess of that permitted by law. This is in accord with holdings that a " statutory right conferred on a private party, but affecting the public interest, may not be waived or released if such waiver or release contravenes the statutory policy." (*Brooklyn Sav. Bank* v. *O'Neil,* 324 U. S. 697, 704, affg. 293 N. Y. 666, *supra*; *Midstate Horticultural Co.* v. *Pennsylvania R. R. Co.,* 320 U. S. 356.)

We now turn to the second cause of action in which recovery was sought for excessive rent paid by plaintiff for a period commencing March 1, 1949. In effect plaintiff seeks in that cause of action to vacate and set aside the arbitration award, confirmed by the Supreme Court, upon the ground that it was a fabrication and sham and was contrived to give a color of legality to an agreement which was unjust, unreasonable and oppressive. Arbitrations authorized under the Commercial (Emergency) Rent Law are subject to the same rules of law as other arbitration proceedings and are governed exclusively by the provisions of article 84 of the Civil Practice Act. One seeking to vacate such an award must do so by timely motion as provided by section 1463 of the Civil Practice Act. That is the exclusive remedy. It may not be done by plenary action. (*American Reserve Ins. Co.* v. *China Ins. Co.,* 297 N. Y. 322,

326; *Raven Elec. Co.* v. *Linzer,* 302 N. Y. 188; *Feinberg* v. *Barry Equity Corp.,* 302 N. Y. 676.)

The judgment of the Appellate Division should be modified by reversing so much thereof as granted the motion of defendant for summary judgment dismissing the first cause of action and to that extent the order of Special Term should be affirmed. In all other respects the judgment of the Appellate Division should be affirmed, without costs.

LOUGHRAN, Ch. J., LEWIS, DESMOND, DYE, FULD and FROESSEL, JJ., concur.

Judgment accordingly.