In the Matter of RALPH H. WIENER et al., Doing Business as TITLE INVESTMENTS, Respondents, v. HORTENSE W. GABEL, as City Rent and Rehabilitation Administrator, Appellant.— In a proceeding by landlords pursuant to article 78 of the Civil Practice Act, to annul a determination of the City Rent Administrator which, upon a tenant's application, fixed the maximum rent of an apartment on the ground that there was a decrease in service by reason of the removal of furniture and that the apartment was not a furnished apartment, the said Administrator appeals from an order of the Supreme Court, Queens County, dated August 2, 1962, which granted the landlords' petition, set aside the Administrator's determination and remanded the matter to the City Rent and Rehabilitation Administration for further consideration not inconsistent with the court's opinion at Special Term. Order affirmed, without costs. We read the Special Term's decision and order as requiring the City Rent Administrator to fix the maximum rent on the basis of a furnished apartment if she finds that the subject apartment had previously been furnished; that the landlords had and now have the furniture in storage in the basement of the apartment house; that it is adequate for the apartment; and that the landlords were and now are willing and able to restore it to the tenant's apartment. The previous tenant had taken possession under a lease executed in 1959. Prior to 1960, when the present tenant executed his lease for the apartment, and prior to the time that he moved into the apartment, he was informed that at the request of the previous tenant the landlord's furniture had been removed from the apartment and stored in the basement storage room. The present tenant was informed that the landlords were ready and willing to move the stored furniture into the apartment, but the said tenant declined the landlords' offer on the ground that he (the present tenant) did not wish any furniture other than his own in the apartment. On June 15, 1961, when he executed a subsequent lease, he signed a letter addressed to the landlords in which he stated that he did not want the furniture, which they had offered him on that date, put into his apartment and that he preferred to retain his own furniture which was already there. The City Rent Administrator may order a decrease of the maximum rent otherwise allowable on the ground that there has been a decrease in the furniture or furnishings required (City Rent, Eviction and Rehabilitation Regulations, § 34.2; § 35, subd. b; formerly State Rent and Eviction Regulations, § 34, subd. 2; § 35, subd. 1). While section 34.2 provides that "It shall be no defense to an application to decrease the maximum rent that furniture or furnishings were removed on or after May 1, 1955 from a furnished housing accommodation with the consent of the tenant," the regulation also provides that the "Administrator may, however, take into consideration all factors bearing on the equities involved." Subdivision 4 of section 34 of the former State Rent and Eviction Regulations contained a similar provision. In our opinion, a landlord has a right to collect a maximum rent which reflects

the value of a fully furnished apartment if he proves that adequate furniture was removed from the apartment at the request of a tenant; that it was kept constantly available to be placed in the apartment in the event such a request is made by the tenant; and that the furniture is not in the apartment because the current tenant prefers to use his own furniture and declines to accept the landlord's offer to move the stored furniture into the apartment (*Dethridge* v. *Abrams*, 146 N. Y. S. 2d 913; *Matter of Brooks* v. *Weaver*, 2 A D 2d 986). Taking into consideration "all factors bearing on the equities involved," we are of the opinion that the maximum rent, which reflects the value of a fully furnished apartment, may not be reduced by the Administrator solely because the landlords complied with a tenant's request to be allowed to use his own furniture. We have considered the further fact that, while the landlords' protest against the determination of the Local Rent Administrator was pending before the State Rent Administrator and then before his successor in office, the City Rent Administrator (Administrative Code of City of New York, § Y41–3.0, subd. a; § Y41–5.0, subd. a; L. 1946, ch. 274, as amd.), the landlords and the tenant entered into a "settlement agreement composing their differences" and making "provision for releases conditional on approval by Rent Officer of the restoration of the rent to" the sum payable for a furnished apartment. In our opinion, such agreement does not constitute a valid defense in behalf of the landlord (City Rent, Eviction and Rehabilitation Regulations, § 17; State Rent and Eviction Regulations, § 16; *Estro Chem. Co.* v. *Falk*, 303 N. Y. 83). It was neither a stipulation arrived at in open court with the approval of the court (cf. *Hill* v. *Wek Capital Corp.*, 4 A D 2d 615), nor was it a stipulation arrived at with the approval of a representative of one of the Administrators, Local, State or City (cf. *Matter of Wiener* v. *Caputa*, 9 A D 2d 905). Moreover, the agreement contained a conditional proviso which required approval by the rent office of the restoration of the maximum rent collectible for a furnished apartment, but the City Rent Administrator never gave such approval. Kleinfeld, Christ, Brennan and Rabin, JJ., concur; Beldock, P. J., dissents and votes to reverse the order of Special Term; to dismiss the petition; and to confirm the determination of the City Rent Administrator, with the following memorandum: The 1955 amendments to sections 34 and 35 of the Rent and Eviction Regulations, mentioned by the majority, were directed against unscrupulous landlords who used various devices to evade rent ceilings in order to collect high maximum rents which were legal as applied to furnished apartments, even though the apartments rented to the tenants were actually unfurnished, and even though such tenants never had the benefit of furnished apartments. With respect to the apartment here involved, when the City Rent Administrator fixed the maximum rent on the basis of an unfurnished apartment, she took into consideration the need to have an inflexible rule as to furnished apartments in order to discourage such evasions by unscrupulous landlords. In my opinion, her determination should be affirmed. The apartment here was not furnished even when the prior tenant moved into it. In *Matter of Payson* v. *Caputa* (11 A D 2d 1008), the Appellate Division, First Department, affirmed a determination by the Administrator reducing the rental of an apartment based on a finding that the apartment had not contained furniture when rented to the tenant.