OPINION OF THE COURT
William A. Zeck, J.
The matters before the court at Special Term are threefold: (1) An article 78 proceeding brought by certain owners of residential apartments (landlords) in the Village of Spring Valley to determine the applicability of the Emergency Tenant Protection Act of 1974 (ETPA) to those apartments; (2) an action brought by the New York State Division of Housing and Community Renewal (Division) against said landlords for a permanent injunction restraining them from violating the ETPA; and (3) a motion by the Division for a temporary injunction and a temporary restraining order pending the determination of the motion.
By chapter 576 of the Laws of 1974, the State Legislature enacted the Emergency Tenant Protection Act of 1974 (ETPA). The Division was designated administrator of the ETPA for the Counties of Nassau, Rockland and Westchester. (ETPA, § 8, subd a; § 14, subd b.) On May 29, 1974, the Division promulgated the Tenant Protection Regulations (Regulations) pursuant to subdivision a of section 10 of the ETPA.
The ETPA provides that where a city, town or village declares the existence of an emergency requiring the regulation of residential rents for all or separate classes of housing accommodations, the local effective date is the first day of the *299 month or other rental period following that declaration of emergency. It also provides that, for the type of housing accommodations here involved, the initial legal regulated rent shall be the rent reserved in the last effective lease or other rental agreement immediately preceding the local effective date unless the Division grants an adjustment upon timely application by the landlord or tenant.
The Village of Spring Valley (Village) adopted, at different times, three resolutions, each declaring an emergency with respect to different classes of apartments in the Village. After the second resolution (Resolution No. 2) was found invalid by this court in an injunction action brought by the Division against a different landlord,[1] and while an appeal by the intervenor Village was pending from that determination,[2] the Village adopted a fourth resolution (Resolution No. 4), which would again regulate the class of apartments covered by Resolution No. 2 in the event its appeal was unsuccessful. Resolutions Nos. 1 and 3 were never the subject of legal attack, and are not involved in these proceedings, nor in the Mack case.
Resolution No. 2, adopted September 30, 1974, provides, in pertinent part, that: “A Public emergency exists requiring the regulation of residential rents in all residential housing accommodations not previously regulated in the resolution of June 27, 1974 (Resolution No. 1), except those accommodations in structures that have not completed all planned construction of all rental accommodations prior to September 1, 1974.”
Resolution No. 4, adopted December 5, 1978, provides, in pertinent part, that: “A public emergency continues to exist in all residential housing accommodations set forth in the Village Board resolutions of * * * September 30,1974.”
With regard to the landlord’s article 78 proceeding, it is improperly brought herein. By its terms, CPLR 7801 provides that article 78 may not be used to challenge a determination “which is not final”. Accordingly, to the extent to which this *300 proceeding has been brought by the petitioner to challenge the March 14, 1979 communication issued by the respondent, it may in no sense be considered a challenge to a final determination by a "body or officer”. (Matter of Oliver v Lavine, 53 AD2d 616; Matter of Carville v Allen, 13 AD2d 866.)
 Further, the court is not constrained to convert the petitioner’s article 78 proceeding to one for declaratory judgment, as there are no constitutional questions readily apparent from these papers and since such issues may be pleaded as affirmative defenses in the action for a permanent injunction. It is clear that the tenant may attack the initial, legal, regulated rent under subdivision a of section 9 of the ETPA because of "unique or peculiar circumstances” (within 60 days of the local eff date), and also under subdivision b of section 9 because it exceeds the "fair market rent” (within 90 days after notice from the landlord of the legal regulated rent — pursuant to § 9, subd d), while the landlord may only attack under subdivision a of section 9. This, however, without further facts, does not appear to violate the equal rights clause of the Constitution, even though there is no reciprocal notice requirement from tenant to landlord, or from the (State) Division to the landlord, regarding the initial legal regulated rent. The Constitution does not mandate that landlords and tenants have equal numbers of remedies for their complaints, but only that the basic rights of each be protected. The Constitution also does not prohibit special protection for large classes of citizens, such as tenants, where the police power has been legislatively invoked to cope with emergencies.
The court notes that the ETPA does require the municipality to proceed on notice prior to its invocation of an emergency. Subdivision c of section 3 of the ETPA provides: "No resolution declaring the existence or end of an emergency * * * may be adopted except after public hearing held on not less than ten days public notice, as the local legislative body may reasonably provide.”
The court presumes that the municipal action was properly taken, as it presumes the constitutionality of the statute. However, the legal sufficiency of subdivision c of section 3 of the ETPA, and of the procedures followed by the Village in invoking and in passing Resolution No. 4, may also be pleaded by the landlord as affirmative defenses in opposition to a permanent injunction (CPLR 3018, subd [b]).
*301 This court does not applaud the use of a judicial stay by the Village as a tactic to enforce compliance with an illegal enactment. This has placed the landlords under de facto rent control since 1976, while no proper emergency resolution was adopted until December 5, 1978.
Although recognizing the inequity of holding a landlord to the constraints of rent control under an illegal municipal resolution while the judicial decision proceeds through the appellate process, nevertheless, the landlord is required to be in compliance with the act, and the statute authorizes its enforcement by the injunctive process (ETPA, § 12, subd a, par [3]). Therefore, this court has no alternative but to grant a temporary injunction.
The court believes that the facts concerning the claimed violations should be investigated administratively, and that the history of this case should rule out the fixing of treble damages or other severe sanctions. The court does not comfortably respond to the Division’s characterization of Resolution No. 4 as a "backstop” resolution effective only when Resolution No. 2 is finally outlawed by the Court of Appeals. Resolution No. 4, by its terms, does not state that it is to take effect in the future, and the commission appears to be working at cross purposes in arguing, on the one hand, that the landlord’s time to object to the strictures of Resolution No. 4 ran for a period of 60 days commencing January 1, 1979, while suggesting, on the other hand, that Resolution No. 4 may take effect at some future time after the Court of Appeals has denied the Village leave to appeal.
 The court directs that the article 78 petition be dismissed. The court finally directs that the motion for temporary injunction be granted.

. People ex rel. Office of Rent Admin. v Mack (88 Misc 2d 1027). By order dated July 29, 1977, the Hon. Theodore A. Kelly held Resolution No. 2 invalid based on the existence of a rental vacancy rate in excess of the statutorily required minimum for invoking ETPA.

. See above, n 1: Unanimously affirmed without opinion by the Appellate Division, Second Department (65 AD2d 681) by order dated October 23, 1978; leave to appeal to the Court of Appeals denied by the Appellate Division, Second Department, by order dated November 28, 1978; leave to appeal denied by the Court of Appeals (47 NY2d 800) by order dated May 8, 1979.