OPINION OF THE COURT
Anne E. Targum, J.
In this nonpayment summary proceeding, brought against a tenant of a rent controlled apartment, landlord demands rent in excess of the maximum rent under rent control, relying upon a stipulation in a prior summary proceeding in which this tenant while represented by counsel consented in open court to an increase in the rent over and above the maximum rent established by the rent control agency. The issue before this court is whether the higher rent agreed upon in the prior proceeding is binding as the legal rent in this subsequent nonpayment proceeding.
Under section 17 of the New York City Rent and Eviction Regulations, “[a]n agreement by the tenant to waive the benefit of any provision of the Rent Law or these Regulations is void.”
Under subdivision a of section Y51-10.0 of the Administrative Code (City Rent Control) of the City of New York, it is “unlawful, regardless of any contract, lease or other obligation *** for any person to demand or receive any rent for any housing accommodation in excess of the appli *125 cable maximum rent established by the temporary state housing rent commission or the city rent agency”. Despite these tenant protection statutes, landlord contends that since tenant was represented by counsel and the higher rent agreement was recognized by the court in the prior proceeding, tenant has no right in this proceeding to disavow the higher rent by which he had agreed to be bound in the prior proceeding.
The difficulty with landlord’s position is that the tenant protection statutes implement a public policy which proclaims the existence of a continuing need to protect tenants in the apartment rental market. (Administrative Code, § Y51-1.0, subd a.) To exclude the settlement agreement of the prior proceeding from the operation of the tenant protection statutes, even on the ground that there was entire freedom of contract when entered into, would not only contravene and frustrate that public policy but would read into the tenant protection statutes a limitation contrary to their plain meaning. (Matter of Katz’ Delicatessen v O’Connell, 302 NY 286.)
The Court of Appeals, in Estro Chem. Co. v Falk (303 NY 83, 86-87), referred to the public policy behind this kind of statutory mandate, as follows: “The same policy considerations which forbid waiver of basic maximum rents under the act, also prohibit waiver or release of the tenant’s right to the return of moneys paid in excess of such maximum rents *** Knowledge on the part of a landlord that he cannot escape liability for excess payment of rent under any circumstances, tends to insure compliance with the statute. The obtaining of excessive rent strikes at the very purpose of the act. Any agreement by which a tenant waives or releases the benefits conferred by the act, nullifies the purpose and must be held to be expressly forbidden by [the act].” (Emphasis supplied.)
A consideration of the manner in which the statutes and the rent agency handle rent overcharge of rent controlled tenants helps to make clearer why a tenant cannot make legal a rent in excess of the rent established by the rent agency even where such tenant may express a desire to be bound by such higher rent. The Legislature has given a tenant the right to recover damages from a landlord in a *126 judicial proceeding for rent overcharge within two years of the overcharge, or, within one year after the landlord fails to pay a refund ordered by the city rent agency; an offending landlord can be assessed counsel fees, and, if willfulness is found, can be assessed treble damages. (Administrative Code, § Y51-11.0, subd d, par [2].) If an overcharged tenant does not proceed promptly to recover damages, the enforcement unit of the rent agency can proceed at any time to fix penalties and impose a fine (Administrative Code, § Y51-11.0, subd b, par [2], cl [a]). Or, the rent administrator can commence an action to recover damages within six months after the overcharge (Administrative Code, § Y51-11.0, subd b, par [2], cl [b]). The agency thus acts as a kind of trustee for the tenant. The agency can recover the rent overcharge and give the recovery to the tenant.
The foregoing should make it perfectly clear that the court cannot place its stamp of approval upon an agreement by the parties to be bound by rent in excess of the maximum established by the rent agency; otherwise, the court itself would become a party to an illegal rent overcharge.
There is a line of cases in which the Court of Appeals has held that, although contracts to waive in advance the provisions of a statute are void, subsequent agreements in which the parties in good faith and for a new consideration attempt to settle differences are enforceable. (See Wood Co. v Horgan, 291 NY 422; Seeley v Prentiss Tool & Supply Co., 158 App Div 853, affd 216 NY 687; Adler v Weis & Fisher Co., 218 NY 295.) However, in Estro Chem. Co. v Falk (303 NY 83, 87, supra), the Court of Appeals specifically rejected the applicability of that line of cases to the tenant protection statutes, saying: “This is in accord with holdings that a ‘statutory right conferred on a private party, but affecting the public interest, may not be waived or released if such waiver or release contravenes the statutory policy.’ (Brooklyn Sav. Bank v. O’Neil, 324 U. S. 697, 704, affg. 293 N. Y. 666, supra; Midstate Horticultural Co. v. Pennsylvania R.R. Co., 320 U. S. 356.)”
Neither the court nor the parties have the right to establish the legal rent for a rent controlled apartment. *127 That right rests exclusively with the rent agency. Any attempt to interfere with it is an improper collateral attack upon the rent agency’s exclusive right to determine the legal maximum rent. (Chatsworth 72nd St. Corp. v Rigai, 74 Misc 2d 298, affd 43 AD2d 685, affd 35 NY2d 984.)
Tenant’s counterclaim for rent overcharge is hereby dismissed without prejudice, with leave to tenant to assert the same before the city rent agency, if so advised. (See McGoey & Sons v Wax, NYLJ, Feb. 29, 1980, p 14, col 2; Matter of ARS Yonkers Corp. v Sims, 82 Misc 2d 721; Kliever v Bobick, 74 Misc 2d 1051.) Landlord shall have judgment for the rent due at the rate established by the local rent agency.