OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed with costs.
 

 Insofar as appellants seek relief under subdivision (a) of section 9 of the Emergency Tenant Protection Act of 1974 (L 1974, ch 576, §4), their claim is precluded by their failure to file an application for rent adjustment within 60 days of the local effective date of Resolution No. 4, whether that date be January 1,1979 or June 1,1979 (as calculated from this court’s dismissal of the motion for leave to appeal in the
 
 Mack
 
 case
 
 [People ex rel. Office of Rent Admin., Div. of Housing & Community Renewal v Mack,
 
 88 Misc 2d 1047, affd 65 AD2d 681, mot for lv to app den 47 NY2d 706, 800]). To the extent that appellants seek “unusual remedies” predicated on our decision in
 
 Mayer v City Rent Agency
 
 (46 NY2d 139), the courts below found that the requisite “calculated action” on the part of the municipality designed to frustrate appellants’ rights was not present in this instance. This affirmed finding cannot be overturned on appeal to this court. Nor does this case fall within the scope of
 
 Matter of Our Lady of Good Counsel R. C. Church & School v Ball
 
 (38 NY2d 780, affg 45 AD2d 66, 73). Finally, we agree with the Appellate Division that
 
 *704
 
 section 9 of the Emergency Tenant Protection Act comports with constitutional principles of equal protection and due process.
 

 Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur.
 

 Order affirmed, with costs, in a memorandum.