OPINION OF THE COURT
Martin B. Stecher, J.
Motion 163 of the calendar of February 15, 1984 and petition 121 of the same calendar are consolidated for decision.
The petition is brought under CPLR article 78 against New York City Conciliation and Appeals Board (CAB). The petitioner is the owner of a multiple dwelling. The proceeding arises out of a complaint by a tenant to the CAB that his rent exceeded the permissible rent. The respondent commission requested from the petitioner data concerning the rental history of the apartment and based upon that history made two determinations:
(a) That the complaining tenant has been overcharged and is entitled to a refund, and
(b) That the prior tenants who had made no complaint, one of whom may be dead and the other of whom cannot readily be located, were also overcharged and are entitled to refunds.
*160 The order of the CAB obligates the petitioner to refund the overcharges to the current tenant and to place in escrow with the CAB a sum sufficient to reimburse the prior tenants. If the latter cannot be found, the CAB intends that the escrow escheat to the State.
The motion is for leave to serve an amended petition.
The purpose of amending the petition, apparently, is to allege as arbitrary and capricious the respondent’s refusal to reopen the hearing to take further evidence. However, this issue was fully litigated in the papers before me and in view of the decision on the petition, the motion to amend is moot. (There can be no dispute that under the rules of the CAB, a person adversely affected by a decision of the CAB has 30 days in which to seek a rehearing and that the application for a rehearing was not made during that period of time. It is not arbitrary or capricious for an administrative agency, in the enforcement of its own published rules, to refuse to waive them and the petitioner will not be heard to complain about its own tardiness in seeking relief.)
It is contended by the petitioner and by a minority of the members of the CAB that the board has no authority to deal with alleged excessive rentals obtained from the prior, noncomplaining tenants. In my view, the board does have such authority. The board is not merely an agency performing a quasi-judicial function of resolving disputes among landlords and tenants. It has the broader function of seeing to it that the housing laws of the city and State are obeyed and that none shall benefit from a violation thereof even though the victim may not choose to complain.
However, a public agency which seeks to deprive a person subject to its jurisdiction of money or property is obligated to conduct itself in a manner consistent with concepts of due process of law (Matter of Fuller v Urstadt, 28 NY2d 315; Matter of Vinson v Greenburgh Housing Auth., 29 AD2d 338, affd 27 NY2d 675; Johnson v White Plains Urban Renewal Agency, 65 Misc 2d 293). Due process at the very least includes notification to the party at hazard of all of the charges made against him. From the papers submitted the only claim made against the landlord *161 was that the present tenant was being overcharged. Before the agency should be permitted to make a finding that prior tenants were overcharged and that the landlord was at risk of having an order made directing repayment of those prior overcharges he was entitled to notice of the claim so that he might prepare a defense. He did not receive that simple due process treatment.
Accordingly, the petition is granted to the extent only of remanding the tenant’s application to the successor to the CAB, the Division of Housing and Community Renewal (L 1983, ch 403, § 20), for a hearing de novo on the issues raised. On the surface it would seem that the overcharge claimed by the present tenant should not be reevaluated as the board made a decision and the time for its review has passed. Insofar, however, as the present tenant’s permissible rental is dependent upon that of the prior tenants’, it would be inconsistent to allow the determination to stand where the determination of the prior rental on which it is based is under review.
As the present tenant is a party interested in the outcome of this proceeding, he should be given notice of any further proceedings before the board and any further proceedings in this court. The prior tenants whose interests are affected should also be given notice to the extent feasible.