■ In the Matter of PLAZA REALTY INVESTORS AND QUEENS BLVD. PROPERTIES CO., Respondent, v NEW YORK CITY CONCILIATION AND APPEALS BOARD, EMANUEL P. POPOLIZIO, as Chairman, Appellant. — In a proceeding pursuant to CPLR article 78, the appeal is from a judgment of the Supreme Court, Queens County (Kunzeman, J.), dated September 12, 1983, which granted a petition to annul so much of a determination of the New York City Conciliation and Appeals Board as directed a refund of rent overcharges to prior tenants.

Judgment reversed, on the law, without costs or disbursements, so much of the determination as was annulled is reinstated and confirmed, and proceeding dismissed on the merits.

Following a complaint by the current tenants of the premises in question, the New York City Conciliation and Appeals Board (hereinafter CAB), whose responsibilities have now been assumed by the New York State Division of Housing and Community Renewal, examined the rent records of petitioner and found that it had charged rents in excess of the lawful amount. While the CAB found that the overcharging of the current tenants was minimal, its investigation revealed that petitioner had substantially overcharged its prior tenants. In its determination, the CAB directed a rollback of the rent to a lawful stabilized amount and ordered a refund of the overcharges not only for the current tenants, but for the previous tenants as well. It ordered that the previous tenants' refunds be placed in an escrow account and that petitioner make diligent efforts to contact the previous tenants. If no refund claims were made by February 1, 1984, it directed that the money be forfeited to the CAB as a fine.

Petitioner thereupon commenced this proceeding to review, in part, the CAB's determination. It did not contest the CAB's findings as to the current tenants, but claimed that the directives concerning the prior tenants were arbitrary, capricious and beyond the CAB's authority. Special Term agreed and annulled the determination insofar as it concerned the prior tenants. We reverse.

The major dispute between the parties lies in the interpretation of the term "eligible tenant" under the Code of the Rent

Stabilization Association of New York City, Inc. (hereinafter code) § 10 (B), (C). Under the code, an eligible tenant is entitled to a cash refund or credit toward future rent when a landlord exceeds the level of fair rent increases as determined by the New York City Rent Stabilization Law. As applied to the case at bar, section 10 (C) of the code provides, with respect to dwelling units which became subject to the Rent Stabilization Law on or after July 1, 1974, that "an eligible tenant shall be a tenant in occupancy on or after January 1, 1974". Special Term stated that the plain meaning of "tenant in occupancy" was a present tenant and thus concluded that previous tenants were not eligible for a refund. According to CAB, however, Special Term took this phrase out of context since the language of the code adds to the phrase "on or after January 1, 1974". CAB interprets the phrase to mean that an eligible tenant is any tenant who occupied the apartment in question on or after January 1, 1974. It is well settled that when the meaning of a statute or regulation is subject to interpretation, the court will normally defer to the construction given by the agency responsible for the statute's administration, provided the construction is not irrational or unreasonable (*Matter of Cale Dev. Co. v Conciliation & Appeals Bd.,* 94 AD2d 229, *affd* 61 NY2d 976; *Matter of Albano v Kirby,* 36 NY2d 526). Since the CAB's interpretation of the code was rational, it makes no difference whether this court or Special Term would have interpreted the terms in a different manner. Therefore, CAB's interpretation should be accepted (*Matter of Plaza Mgt. Co. v City Rent Agency,* 48 AD2d 129, *affd* 37 NY2d 837).

It is not disputed that the CAB may grant relief to tenants directly affected by its findings notwithstanding the failure of such tenants to file complaints (*Sovereign Apts. v New York City Rent Conciliation & Appeals Bd.,* NYLJ, Nov. 5, 1979, p 15, col 3, *affd* 81 AD2d 769). Based on the interpretation of the code by the CAB, the CAB did not abuse its discretion when it granted relief to the prior tenants as well as the current ones.

Special Term also ruled that the CAB was not authorized to impose fines on landlords for rent overcharges pursuant to sections 7 and 8 of the code. However, these sections are also subject to interpretation. While section 7 of the code mandates expulsion or suspension from the Rent Stabilization Association as a sanction against willful rent overcharges and makes no mention of fines, it does not specifically exclude the imposition of fines for such misconduct. Merely because section 7 of the code authorizes such drastic sanctions for willful rent overcharges does not mean that the CAB was without authority to impose a

lesser sanction in this case (*Matter of Chessin v New York City Conciliation & Appeals Bd.*, 100 AD2d 297). The authority to impose fines is expressly granted to the CAB under section 8 of the code. Converting the refund to the prior tenants into a fine should the prior tenants not claim the refund guaranteed that petitioner would not benefit from its misconduct. Since the sanction imposed by the CAB was not arbitrary or capricious, it should not have been disturbed.

For the reasons stated above, the judgment should be reversed, so much of the determination of the CAB as was annulled should be reinstated and confirmed, and the proceeding dismissed on the merits. Weinstein, J. P., Brown, Niehoff and Lawrence, JJ., concur.