812 F.2d 67
 Bankr. L. Rep. P 71,659
In re BERRY ESTATES, INC., d/b/a Blueberry Hill Management
Corp., Debtor.
BERRY ESTATES, INC., Plaintiff-Appellant,
v.
STATE OF NEW YORK, Defendant-Appellee.
Hon. Edward REGAN, Comptroller of the State of New York,
State Capitol, Plaintiff-Appellant,
v.
BERRY ESTATES, INC., Defendant-Appellee.
 Nos. 186, 185, Dockets 86-5029, 86-5037.
 United States Court of Appeals,
Second Circuit.
 Argued Sept. 22, 1986.
Decided Feb. 19, 1987.
 
 David S. Cook, Senior Atty., New York City (Robert Abrams, Atty. Gen. of the State of N.Y., and Richard G. Liskov, Asst. Atty. Gen., of counsel), for defendant-appellee.
 Joseph J. Haspel, Spring Valley, N.Y. (Barr and Faerber, Spring Valley, N.Y., of counsel), for plaintiff-appellant.
 Before VAN GRAAFEILAND, MESKILL and NEWMAN, Circuit Judges.
 VAN GRAAFEILAND, Circuit Judge:
 
 
 1
 These are appeals from an order of the United States District Court for the Southern District of New York (Brieant, J.) affirming an order of the bankruptcy court. The issue presented is whether certain orders of New York State courts under that State's Emergency Tenant Protection Act of Nineteen Seventy-Four (ETPA), N.Y. Unconsol. Laws Secs. 8621-8634, should control the disposition of unlawful excess rents collected by a landlord who thereafter filed for a Chapter 11 arrangement, 11 U.S.C. Secs. 1101-1174. A brief look at the public policy underlying rent control laws, such as the ETPA, is an appropriate starting point for our discussion.
 
 
 2
 Rent control legislation has been a vital part of the American scene since World War I. See Block v. Hirsh, 256 U.S. 135, 153, 41 S.Ct. 458, 459, 65 L.Ed. 865 (1921); People ex rel. Durham Realty Corp. v. La Fetra, 230 N.Y. 429, 130 N.E. 601, appeal dismissed, 257 U.S. 665, 42 S.Ct. 47, 66 L.Ed. 424 (1921). Constitutional challenges to such legislation consistently have been rejected. Israel v. City Rent and Rehabilitation Administration, 285 F.Supp. 908, 910 (S.D.N.Y.1968). Federal and State courts have held that limitation on rents is not a taking of property. Bowles v. Willingham, 321 U.S. 503, 517, 64 S.Ct. 641, 648, 88 L.Ed. 892 (1944); Teeval Co. v. Stern, 301 N.Y. 346, 362, 93 N.E.2d 884, cert. denied, 340 U.S. 876, 71 S.Ct. 122, 95 L.Ed. 637 (1950). The New York Court of Appeals has characterized rental as an instrument of oppression, which may be regulated in the public good. People ex rel. Durham, supra, 230 N.Y. at 451-52, 130 N.E. 601.
 
 
 3
 Because rent control statutes are police power statutes enacted for the benefit of the general public, landlords are not permitted to evade them, whether by subterfuge, mistake, or otherwise. "Knowledge on the part of a landlord that he cannot escape liability for excess payments of rent under any circumstances, tends to insure compliance with the statute. The obtaining of excessive rents strikes at the very purpose of the act." Estro Chemical Co. v. Falk, 303 N.Y. 83, 86-87, 100 N.E.2d 146 (1951) (emphasis in original). The public policy underlying rent control legislation militates against the collection or retention of such excess payments. United States v. Moore, 340 U.S. 616, 619, 71 S.Ct. 524, 525-26, 95 L.Ed. 582 (1951); Hansen v. United States, 340 F.2d 142, 144-45 (8th Cir.1965); Sylvester v. Bernstein, 283 A.D. 333, 338, 127 N.Y.S.2d 746, aff'd, 307 N.Y. 778, 121 N.E.2d 616 (1954). "[A] person should not be permitted to retain that which is illegally acquired even through a mistake of legality." Woods v. Kaye, 175 F.2d 886, 889 (9th Cir.1949); see Woods v. Richman, 174 F.2d 614, 616 (9th Cir.1949). Neither should a landlord be able to avoid the statutory restrictions by agreement with or waiver of his tenant. Thomas v. United States, 200 F.2d 686, 689 (1st Cir.1952); Estro Chemical Co. v. Falk, supra, 303 N.Y. at 87, 100 N.E.2d 146; Norms Realty Corp. v. Rodriguez, 108 Misc.2d 124, 126-27, 437 N.Y.S.2d 223 (1981).
 
 
 4
 The courts of New York squarely hold that city and State housing laws are to be obeyed and "none shall benefit from a violation thereof even though the victim may not choose to complain." Meyer & Steffens, Inc. v. Popolizzio, 124 Misc.2d 159, 160, 475 N.Y.S.2d 991 (1984). Thus, in Matter of Plaza Realty Investors and Queens Blvd. Properties Co. v. New York City Conciliation and Appeals Board, 111 A.D.2d 395, 489 N.Y.S.2d 603 (1985) (mem.), a proceeding under the Code of the Rent Stabilization Association of New York City, Inc., where the New York City Conciliation and Appeals Board ordered that excess rentals be placed in an escrow account and refunds uncollected by tenants be forfeited to the Board, the court held:
 
 
 5
 Converting the refund to the prior tenants into a fine should the prior tenants not claim the refund guaranteed that petitioner [the landlord] would not benefit from its misconduct.
 
 
 6
 Id. at 397, 489 N.Y.S.2d 603. See also N.Y.Penal Law Sec. 180.55 which makes rent gouging a misdemeanor.
 
 
 7
 When the ETPA was enacted in 1974, the New York Legislature found:
 
 
 8
 that a substantial number of persons residing in housing not presently subject to the provisions of the emergency housing rent control law or the local emergency housing rent control act are being charged excessive and unwarranted rents and rent increases; that preventive action by the legislature continues to be imperative in order to prevent exaction of unjust, unreasonable and oppressive rents and rental agreements and to forestall profiteering, speculation and other disruptive practices tending to produce threats to the public health, safety and general welfare; that in order to prevent uncertainty, hardship and dislocation, the provisions of this act are necessary and designed to protect the public health, safety and general welfare....
 
 
 9
 N.Y.Unconsol.Laws Sec. 8622.
 
 
 10
 To carry out the policy thus expressed, the ETPA empowers a municipality to declare an emergency as to any class of housing if the vacancy rate for those accommodations does not exceed five percent. Id. Sec. 8623. Once an emergency is declared, a landlord is prohibited from collecting more than the legal regulated rent. Id. Sec. 8626. Both the statute and the regulations enacted pursuant thereto provide that any agreement by a tenant to waive the benefits of the Act shall be void as contrary to public policy. Id. Sec. 8631; Emergency Tenant Protection Regulations Sec. 2500.12. Section 2505.1 of the Regulations makes it "unlawful ... for any person to demand or receive any rent for any housing accommodations in excess of the legal regulated rent...."
 
 
 11
 Berry Estates, Inc. is the owner of an apartment complex in Spring Valley, New York, whose rents have been set by the New York Division of Housing and Community Renewal (the Division) in accordance with the foregoing provisions and section 8629 of the ETPA. In 1979, Berry commenced an article 78 proceeding, N.Y.Civ.Prac.Law Secs. 7801-7806, against the Division, in which it challenged the ETPA's constitutionality. The Division simultaneously sought to enjoin Berry from collecting rents in excess of the regulated rate. The trial court dismissed Berry's petition and granted the Division's request for a temporary injunction. Berry Estates v. Marrero, 101 Misc.2d 297, 420 N.Y.S.2d 970 (1979). The Appellate Division reversed the dismissal and modified the injunction to allow Berry to continue collecting market rate rents, to be escrowed, however, as follows:
 
 
 12
 [E]ach of the defendants is directed to deposit with the Clerk of the Supreme Court, Rockland County, any rents collected in excess of the applicable legal regulated rents herein, to be held in escrow by said clerk during the pendency of the injunction action; in the event that the defendants prevail in the injunction action, said clerk shall pay the funds held in escrow to the defendants; in the event that the plaintiff prevails, the funds held in escrow shall be returned to the tenants from whom they were collected, in such manner as shall be prescribed by Special Term in the final judgment. In the event that the defendants shall fail to deposit any such excess rents into court as directed herein, and upon the plaintiff's application to Special Term, a full preliminary injunction against the collection of rents in excess of the legal regulated limit shall issue.
 
 
 13
 74 A.D.2d 871, 871-72, 426 N.Y.S.2d 47 (1980).
 
 
 14
 After a joint trial of Berry's claim and the Division's request for a permanent injunction, the trial court upheld the Division's enforcement of the ETPA and permanently enjoined Berry from collecting rents in excess of the regulated rate. Berry also was directed to return to the tenants any excess rents collected that were not escrowed with the Rockland County Clerk. The judgment was affirmed by both the Appellate Division, 87 A.D.2d 161, 450 N.Y.S.2d 845, and the Court of Appeals, 58 N.Y.2d 701, 458 N.Y.S.2d 905, 444 N.E.2d 1324 (1982). Following the Court of Appeals' affirmance, the Division moved in the Appellate Division for an accounting by Berry of all excess rents that it had collected. The court granted the motion and ordered that Berry pay the Rockland County Clerk all sums collected in excess of the legal regulated rent that had not previously been placed in escrow.
 
 
 15
 On August 3, 1982, while the appeal from the original Appellate Division decision was pending in the Court of Appeals, Berry began a collateral attack on Spring Valley's declaration of emergency, on the ground that the emergency resolution had not been validly enacted. Berry Estates v. Village of Spring Valley, No. 4953/82 (Sup.Ct.Rockland Cty.1982). Berry secured a temporary restraining order from Judge Marbach allowing it to collect excess rents and place them in escrow with the Rockland County Clerk.
 
 
 16
 Meanwhile, other Spring Valley landlords had launched a separate attack on the validity of the emergency resolution, and, on September 13, 1982, Judge Dickinson upheld their claim. Spring Valley Garden Assocs. v. Marrero, Nos. 7542/80, 2801/81, 2394/81 (Sup.Ct.Rockland Cty.1982). He ordered that all escrowed funds be returned to the landlords on November 3. Two weeks later, Judge Marbach held that the resolution was invalid as to Berry under the doctrine of collateral estoppel. Judge Marbach ordered that the rents escrowed as a result of his August 3 order be refunded to Berry. However, he declined to extend his order to include funds subject to other litigation in which Berry was involved.
 
 
 17
 The Village filed a notice of appeal, which automatically stayed enforcement of Judge Marbach's order. N.Y.Civ.Prac.Law Sec. 5519(a)(1). The Appellate Division denied Berry's motion to vacate the automatic stay, and consolidated seven actions which challenged the validity of the Spring Valley resolution. On March 14, 1984, the Appellate Division reversed the Supreme Court and ordered that the funds escrowed with the Rockland County Clerk be returned to the tenants. Spring Valley Garden Assocs. v. Marrero, 100 A.D.2d 93, 474 N.Y.S.2d 311. The Court of Appeals affirmed, 68 N.Y.2d 627, 505 N.Y.S.2d 57, 496 N.E.2d 216 (1986).
 
 
 18
 On June 1, 1983, following the appeal by the Division from Judge Marbach's November 1982 order, Berry filed a voluntary petition under Chapter 11 of the Bankruptcy Code, 11 U.S.C. Secs. 1101-1174. On June 15, 1984, the Comptroller of the State of New York filed a claim for $500,000 (later reduced to $324,446.47), the amount that Berry had failed to deposit in escrow with the Rockland County Clerk or return to the tenants, as directed by the State courts. The Comptroller based his claim on N.Y. State Finance Law Sec. 8(11), which authorized him to enforce orders for the deposit of moneys into court. The bankruptcy judge held that the Division, not the Comptroller, was the proper creditor under 11 U.S.C. Sec. 101(9)(A). He found that the Division's claim was valid and ordered that the excess rents be deposited with the United States Trustee for the Southern District of New York. He ordered further that tenants and former tenants could file claims for the excess rents until June 15, 1986, after which any unclaimed funds would revert to Berry. 49 B.R. 1002 (S.D.N.Y.1985). On appeal by both parties, the district court affirmed in substance the bankruptcy court's order. Both sides have appealed. The question we now must answer is whether the bankruptcy judge was free to disregard the public policy underlying the ETPA and order that excess rentals unclaimed by former tenants be paid over to the wrongdoing landlord. We conclude that he was not.
 
 
 19
 We hold at the outset that section 362 of the Bankruptcy Code, 11 U.S.C. Sec. 362, which mandates a broad stay of litigation against the debtor, did not invalidate any of the State court proceedings that followed Berry's Chapter 11 petition. Section 362(b)(4) specifically excepts from an automatic stay "the commencement or continuation of an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power." Inasmuch as there are no other creditors to be harmed by the State courts' orders, those orders appear to fall within this exception. See Matter of Vintero Corp., 735 F.2d 740, 742 (2d Cir.), cert. denied, 469 U.S. 1087, 105 S.Ct. 592, 83 L.Ed.2d 702 (1984); Penn Terra Ltd. v. Dep't of Environmental Resources, 733 F.2d 267, 271-78 (3d Cir.1984). Moreover, whether an action is by or against a debtor is determined by the debtor's status at the time the action was begun, not by who was ahead when the bankruptcy petition was filed. Teachers Ins. & Annuity Ass'n of America v. Butler, 803 F.2d 61, 64-65 (2d Cir.1986); Commerzanstalt v. Telewide Systems, Inc., 790 F.2d 206, 207 (2d Cir.1986). The State court actions were brought by Berry and were not subject to either an automatic stay, see Association of St. Croix Condominium Owners v. St. Croix Hotel Corp., 682 F.2d 446, 449 (3d Cir.1982), or an ordered stay. This being so, the bankruptcy court was not justified in disregarding the State court orders designed to prevent Berry from profiting from its misconduct.
 
 
 20
 Congress did not intend for bankruptcy laws to abrogate the States' police powers. Kelly v. Robinson, --- U.S. ----, 107 S.Ct. 353, 360-61, 93 L.Ed.2d 216 (1986); Midlantic Nat'l Bank v. New Jersey Dep't of Environmental Protection, 474 U.S. 494, 106 S.Ct. 755, 760-62, 88 L.Ed.2d 859 (1986); Ohio v. Kovacs, 469 U.S. 274, 285, 105 S.Ct. 705, 712, 83 L.Ed.2d 649 (1985); Matter of Quanta Resources Corp., 739 F.2d 912, 918-21 (3d Cir.1984), order following remand affirmed, Midlantic, supra. Neither did it intend that the bankruptcy court be a haven for wrongdoers. In re Flight Transp. Corp. Securities Litigation, 730 F.2d 1128, 1136-37 (8th Cir.), cert. denied, 469 U.S. 1207, 105 S.Ct. 1169, 84 L.Ed.2d 320 (1985); In re Teltronics, Ltd., 649 F.2d 1236, 1239-42 (7th Cir.1981); 2 Collier on Bankruptcy p 362.05, at 362-42. A determination in bankruptcy that Berry was entitled to keep the unrefunded excess rents would fly in the face of New York State's regulatory powers and the deference pledged to them by the bankruptcy laws. Where, as here, no claims of other creditors are involved, it would allow a landlord, who has disregarded the orders of the New York courts, to profit by its misconduct. We do not believe that Congress intended such a perverse result when it enacted the Bankruptcy Code in 1978.
 
 
 21
 We find no merit in Berry's argument that the Comptroller was unauthorized to seek enforcement of the State courts' escrow orders by filing a claim in the bankruptcy proceedings. See Ohio v. Kovacs, 469 U.S. 274, 105 S.Ct. 705, 83 L.Ed.2d 649 (1985); Nathanson v. NLRB, 344 U.S. 25, 27, 73 S.Ct. 80, 82, 97 L.Ed. 23 (1952); 11 U.S.C. Sec. 501(b). The Comptroller is the person designated by the New York Legislature to enforce obedience to court orders requiring the deposit of moneys with the court or its clerk. See Gardner v. New Jersey, 329 U.S. 565, 574-75, 67 S.Ct. 467, 472-73, 91 L.Ed. 504 (1947). We likewise find no abuse of discretion in the bankruptcy court's decision to extend the time in which tenants might file for refunds. See Bankruptcy Rule 3003(c)(3).
 
 
 22
 The order of the district court is affirmed except as to that part which disallows the claim of the Comptroller, which is reversed. The district court is instructed to remand the matter to the bankruptcy court with instructions that excess rentals not refunded to tenants be paid to the Rockland County Clerk, as ordered by the New York courts.