In re Jay E. KAUFFMAN, Mary
G. Kauffman, Debtors.

Jay E. Kauffman, Mary G.
Kauffman, Plaintiffs,

v.

Charlotte L. Neal, Barry E.
Neal, Defendants.

Bankruptcy No. 98–25600.
Adversary No. 9–2130.

United States Bankruptcy Court,
D. Connecticut.

Oct. 25, 2000.

Christine E. Corriveau, Miniter & Associates, Hartford, CT, for plaintiffs-debtors.

Charlotte L. Neal, Barry E. Neal, Andover, CT, pro se.

*RULING DENYING PLAINTIFFS–DEBTORS' RENEWED MOTION FOR SUMMARY JUDGMENT AND GRANTING SUMMARY JUDGMENT TO DEFENDANTS*

ROBERT L. KRECHEVSKY,
Bankruptcy Judge.

### I.

Jay E. Kauffman and Mary G. Kauffman ("the plaintiffs" or "the debtors") on December 14, 1998, filed a joint Chapter 7 petition. The debtors, on September 23, 1999, brought a complaint against Charlotte L. Neal and Barry E. Neal ("the defendants") contending that the post-petition actions of the defendants in contacting Town of Andover, Connecticut officials ("the Town") in order to seek a rescission of the debtors' certificate of use and occupancy of realty owned and occupied by the debtors, located at 10 Shoddy Mill Road, Andover, Connecticut ("the property"), constituted willful violations of the automatic stay imposed by 11 U.S.C. § 362(a). *See* 11 U.S.C. § 362(h) ("An individual injured by any willful violation of a stay provided by this section shall recover actual damages including costs and attorney's fees and, in appropriate circumstances, may recover punitive damages."). The debtors' complaint seeks actual and punitive damages, costs and attorney's fees.

The defendants, appearing pro se, filed answers to the complaint generally denying that the debtors are entitled to the relief sought. The debtors, on April 28, 2000, filed a motion for summary judgment asserting there were no genuine issues as to any material fact and that they are entitled to judgment as a matter of law. *See* Fed.R.Bank.P. 7056(a).

The supporting papers which the debtors filed with their motion did not include the separate, short and concise statement of the material facts as to which the debtors contended there was no genuine issue to be tried, as mandated by D.Conn. L.Civ.R. 9(c)1, made applicable in the bankruptcy court by D.Conn. LBR 1001–1(b). Accordingly, the court, by its order of August 8, 2000, denied the debtors' motion.

### II.

The debtors, on September 11, 2000, filed the instant motion and supplemented their earlier submissions with a Local Rule 9(c)1 Statement ("the Statement"). Since

the defendants do not dispute any of the material facts [1] asserted in the Statement or accompanying affidavits, the following assertions are deemed undisputed for purposes of this ruling.

Each of the defendants held prepetition judgment liens (for $36,125.42, in the case of Mr. Neal, and $2,451.54 for Mrs. Neal) on the property. When the defendants filed the judgment liens in 1997, the property was zoned for commercial use, and a commercial garage ("the building") was located on the property. In late 1997 and early 1998, the debtors began to convert the building to allow its use as a residence. On June 8, 1998, the debtors obtained a building permit from the Town to alter the building to change its use to a "single family" dwelling. (Exh. 6). The debtors, not yet having received a certificate of use and occupancy, moved into the building during November 1998. The Town, on December 14, 1998, issued a building permit to allow the installation of a wood stove in the building. On the same day, the debtors filed their bankruptcy petition.

On March 1, 1999, the Town issued to the debtors a certificate of use and occupancy for a "28′ × 42″ conversion from repair garage." (Exh. 7). The debtors amended their bankruptcy petition and schedules on July 12, 1999, to claim the property as their residence and as exempt under the Connecticut homestead statute. The debtors, on their motions, subsequently received orders of the bankruptcy court, dated August 30, 1999, avoiding the defendants' judgment liens on the property as impairing the debtors' homestead exemption.

The principal actions of the defendants, which the debtors claim violate the automatic stay, are two letters which the defendants sent to the Town, questioning and asserting the impropriety of the Town's issuance, on March 1, 1999, of the certificate of use and occupancy permitting the debtors to occupy the building as a resi-dence. The first letter, dated August 6, 1999, was sent to the Andover Planning and Zoning Commission, and stated as follows:

Dear Members,

We have a concern for which we need your opinion. James Hallisey, Zoning Agent, has approved and allowed the issuance of a certificate of occupancy for a single family residence in a business zone at the real property known as 10 Shoddy Mill Road, Andover.

His arbitrary and capricious actions are a direct contradiction to Sections 8, 21 and 23 of the Andover Zoning Regulations. The property is, therefore, being illegally occupied.

We, herewith, request the Planning & Zoning Commission to take immediate action to rescind the certificate of occupancy and that any use of that property as a single family dwelling subscribe to the regulations as herein stated.

The second letter, dated August 26, 1999, was sent to Marge Anderson, Andover Town Clerk, and stated as follows:

Dear Marge,

The purpose of this letter is to hereby give notice of our intent to bring suit against the Town of Andover and seek civil redress through the courts for damages.

On or about 1 March 1999, Mr. James Hallisey, Town Planner/Zoning Agent allowed the issuance of a Certificate of Occupancy for a conversion from a repair garage to a single family dwelling in a Business Zone, as the real property known as 10 Shoddy Mill Road, Andover. Based upon information and belief, he did so arbitrarily and in contradiction to Sections 8, 21 and 23 of the Andover Zoning Regulations and C.G.S. 8–3 and C.G.S. 29–265.

---

1. The defendants dispute whether the debtors actually resided on the property on the date of the petition which is not material to this ruling.

As a consequence of Mr. Hallisey's improper evaluations, his actions have caused us great economic damage.

Charlotte Neal has personally spoken to Mr. Hallisey on at least two occasions within the past several weeks to discuss this situation and to gain understanding of his capricious actions. Mr. Hallisey admitted that he had erred from "start to finish on this one". He also stated that the reason for his decision was that the owner of 10 Shoddy Mill Road was "more trouble to us (The Town of Andover) as a business, than as a residence".

Although we feel that a Town of Andover employee has reaped an injustice upon us, we regret having to bring this action against our Town of residence.

The debtors contend such actions of the defendants "were willful and repeated attempts on the part of Defendant Creditors to enforce or collect upon the Judicial Liens on the property...." (¶ 10 of Statement.) The debtors seek a judgment for attorney's fees in the amount of $19,-363.70 [2], and submitted an affidavit of their attorney in support of the fee amount.

The defendants' response to the debtors' motion states, in effect, that their post-petition contacts with the Town were to obtain information about the debtors' and the Town's compliance with state statutes and the Town's zoning regulations concerning the property. They contend such contacts did not constitute a violation of the automatic stay. The debtors filed a reply to the defendants' pleading in which the debtors argue that "whatever [the defendants'] actual motives were, their actions were a violation of the automatic stay" and that the debtors are entitled to summary judgment. (Reply at 4.)

### III.

"[W]e begin with the understanding that Congress says in a statute what it means and means in a statute what it says there.... [W]hen the statute's language is plain, the sole function of the courts—at least where the disposition is not absurd—is to enforce it according to its terms." *Hartford Underwriters Insur. Co. v. Union Planters Bank, N.A.*, 530 U.S. 1, 120 S.Ct. 1942, 1947, 147 L.Ed.2d 1 (2000) (citations and internal quotation marks omitted). The debtors do not specify which provision of § 362(a) [3] the defendants are alleged to have violated. The court has applied the plain language of

---

**2.** In light of the court's ruling on the debtors' motion, the court need not consider whether all of the attorney's fees submitted are properly attributable to the actions of the defendants.

**3.** Subsection (a) of 11 U.S.C. § 362, Automatic Stay, provides:

(a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title, or an application filed under section 5(a)(3) of the Securities Investor Protection Act of 1970, operates as a stay, applicable to all entities, of—

(1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;

(2) the enforcement, against the debtor or against property of the estate, of a judg-

ment obtained before the commencement of the case under this title;

(3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate;

(4) any act to create, perfect, or enforce any lien against property of the estate;

(5) any act to create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case under this title;

(6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title;

(7) the setoff of any debt owing to the debtor that arose before the commencement of the case under this title against any claim against the debtor; and

(8) the commencement or continuation of a proceeding before the United States Tax Court concerning the debtor.

each of the subsections of § 362(a) to the defendants' conduct and concludes that the automatic stay was not applicable to the defendants' actions.

■ Section 362(a)(1) makes the stay applicable to "the commencement or continuation ... of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the [bankruptcy] case." The defendants' actions at issue in this proceeding concern their correspondence with the Town Planning and Zoning Commission and the Town Clerk regarding whether issuance of the certificate of use and occupancy to the debtors complied with the state and local zoning requirements. Because the certificate of use and occupancy at issue was not issued until March 1, 1999, more than two months after the debtors filed their joint bankruptcy petition, the defendants could not have raised their questions prior to the commencement of the debtors' bankruptcy case. The defendants' actions, accordingly, were not stayed under § 362(a)(1).

■ Furthermore, the court notes that, even if the issuance of the certificate of use and occupancy were considered a continuation of the prepetition proceedings for a building permit, such proceedings are not "against the debtor," inasmuch as they were initiated by the debtors. The Second Circuit Court of Appeals has repeatedly stated that "whether an action is by or against a debtor is determined by the debtor's status at the time the action was begun...." *Berry Estates, Inc. v. State of New York (In re Berry Estates, Inc.)*, 812 F.2d 67, 71 (2d Cir.1987); *Koolik v. Markowitz*, 40 F.3d 567, 568 (2d Cir.1994) (same); *Teachers Insurance and Annuity Assoc. of America v. Butler*, 803 F.2d 61, 65 (2d Cir.1986) (same). "In other words, the automatic stay provision does not prevent entities against whom the debtor proceeds in an offensive posture ... from protecting their legal rights." *Vitranschart, Inc. v. Levy*, 2000 WL 1239081, *5 (S.D.N.Y.2000). The defendants are not prevented by the automatic stay from complaining to the Town that the Town's actions in permitting the change of use of the property requested by the debtors was arbitrary and capricious. Whether the debtors' actions to remove the defendants' liens from the property motivated the defendants' letters is not of controlling significance.

■ Section 362(a)(2) stays "the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the [bankruptcy] case." The debtors allege that the defendants communicated with the Town regarding its issuance of a certificate of use and occupancy. Such activities were not acts to enforce a judgment. Similarly, because revocation of the certificate of occupancy would not have transferred "possession ... or· ... control over the property" to the defendants, their actions were not stayed under § 362(a)(3).

■ Section 362(a) also stays the creation, perfection or enforcement of a lien against property of the estate, § 362(a)(4), or property of the debtor, § 362(a)(5), to secure a pre-petition claim. The defendants' judgment liens were created and perfected prepetition, and the debtors allege no post-petition actions of the defendants that should be construed as an attempt to enforce their judgment liens against the property. Nor do the debtors allege any post-petition conduct of the defendants that would trigger the stay under § 362(a)(6), as an act to "collect, assess, or recover" their prepetition claims against the debtor. The remaining subsections of § 362(a) relate to setoff rights and tax court proceedings which are irrelevant to the circumstances here presented.

The court concludes that, under the plain language of § 362(a), the actions taken by the defendants in questioning and asserting the impropriety of the Town's procedures in issuing, post-petition, the certificate of occupancy for the property were not subject to the automatic stay

provisions of § 362(a). The debtors have submitted no decisional authority to the contrary. The debtors are not entitled to judgment as a matter of law.

### IV.

▮ In accordance with the foregoing discussion, the debtors' motion for summary judgment is hereby denied. Although the defendants, as non-attorneys appearing pro se, failed to file a cross-motion for summary judgment, where there is no issue as to any material fact "it is most desirable that the court cut through mere outworn procedural niceties and make the same decision as would have been made had the defendant made a cross-motion for summary judgment." *Local 33 v. Mason Tenders District Council of Greater New York,* 291 F.2d 496, 504 (2nd Cir.1961). "District [and bankruptcy] courts are widely acknowledged to possess the power to enter summary judgment sua sponte.... [A] court need not give notice of its intention to enter summary judgment against a non-moving party .... when a summary judgment motion has in fact been made, because the parties are then on notice that ultimate issues are before the court. Thus, as long as some party has made a motion for summary judgment, a court may grant summary judgment to a non-moving party, provided that party has had a full and fair opportunity to meet the proposition that there is no genuine issue of material fact to be tried." *First Financial Insurance Co. v. Allstate Interior Demolition Corp.,* 193 F.3d 109, 114–15 (2d Cir.1999) (citations omitted). Accordingly, summary judgment is granted to the defendants, and the plaintiffs' complaint will be dismissed. It is

SO ORDERED.