OPINION OF THE COURT
Martin B. Stecher, J.
Motions 8 and 9 of the calendar of May 28, 1991 are consolidated for disposition.
Defendants Chase Securities, Inc. and John Colleary move *82 to compel arbitration and for a stay of the action. These motions are granted.
Plaintiff was employed by Chase Securities, Inc. (Chase) from 1988 to 1991. Chase is a member of the National Association of Securities Dealers, Inc. (NASD) and upon being hired plaintiff executed an application for registration, form U-4, agreeing "to arbitrate any dispute, claim or controversy that may arise between me and my firm * * * or any other person * * * required to be arbitrated” under the rules, etc., of the NASD. The NASD Code of Arbitration Procedure requires arbitration of "any dispute, claim or controversy arising out of or in connection with the business of any member of the Association * * * between or among members and public customers, or others” (part I, § 1). The code also requires (part II, § 8 [a]) that disputes by members against members or members against a person associated with a member be arbitrated. Defendant Colieary is also a member of NASD.
Plaintiff alleges that defendant John Colleary, her supervisor at Chase, engaged in a campaign of harassment and humiliation denigrating her sex and religion, in violation of the New York State Human Rights Law (Executive Law § 296); and that Colleary’s acts were done with the knowledge and acquiescence of codefendant Chase.
The arbitration agreement is governed by the Federal Arbitration Act (9 USC § 1 et seq.) under which " 'any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration’ ” (Singer v Jefferies & Co., 78 NY2d 76, 82, citing Cone Hosp. v Mercury Constr. Corp., 460 US 1, 24-25). Here, the wrongful conduct complained of directly involved "significant aspects” of plaintiff’s employment and her employer’s business activities (Singer v Jefferies & Co., supra; Morgan v Smith Barney, Harris Upham & Co., 729 F2d 1163 [8th Cir 1984]), including Colleary’s denigration of her job performance, the withdrawal of accounts from her, forcing plaintiff to conduct all business through him, constant monitoring of plaintiff’s job performance, setting impossible job performance goals, etc.
Plaintiff’s able counsel urges that the court find the NASD arbitration agreement inapplicable, as the controversy does not "arise in connection with the business of such members” (NASD Code §8 [a]). She asserts that the question is one of first impression. However, in Gilmer v Interstate/Johnson Lane Corp. (500 US —, 114 L Ed 2d 26), the United States *83 Supreme Court compelled arbitration pursuant to a form U-4 agreement in an age discrimination claim made pursuant to 29 USC § 621 et seq., the Age Discrimination in Employment Act, a clearly analogous statute. (See also, Roe v Kidder Peabody & Co., 53 Empl Prac Dec [CCH] ¶ 39,911 [SD NY 1990], extending the Gilmer holding to a race discrimination claim filed pursuant to 42 USC §§ 1981, 1983 and title VII of the Civil Rights Act of 1964 [42 USC § 2000e et seq.].) Based on the foregoing, and the public policy favoring arbitration (Cone Hosp. v Mercury Constr. Corp., supra), plaintiffs claims are within the intent of the contractual arbitration clause.
Finally, plaintiff argues that there is no agreement to submit any dispute to mandatory arbitration because the NASD Code, upon which arbitration is sought, provides for a voluntary system only. It is plaintiffs position that because she elected to start a plenary action instead of electing arbitration she cannot be compelled to arbitrate these claims. Plaintiff has misconstrued the distinction between mandatory/ compulsory arbitration and voluntary arbitration. The former is arbitration instituted pursuant to statute, e.g., the Taylor Law; the latter is entered into by contract hence its "voluntary” nature. Once the parties agree, in writing, to arbitrate and the claims fall within the scope of the contract’s provisions, arbitration can be compelled.
Accordingly, the action is stayed pending arbitration and the parties are directed to submit their dispute to arbitration in accordance with the provisions of the NASD Code.