OPINION OF THE COURT
Edward H. Lehner, J.
The issues presented on this motion by defendant to compel arbitration are whether the Code of Arbitration Procedure (the Code) of the National Association of Securities Dealers (NASD) in effect in November 1990 required the arbitration of employment disputes between a member and an associated person, and if so, whether that requirement could be waived.
FACTS
In November 1990 defendant accepted a position as a sales representative with plaintiff F.N. Wolf & Co., Inc. (Wolf) and executed two documents, both dated November 26, 1990. The first was the standard security industry Form U-4, in which he agreed to arbitrate "any dispute, claim or controversy that may arise between me and my firm, or a customer, or any other person, that is required to be arbitrated under the rules, constitutions, or by-laws of the organizations” with which he registered. The second was an employment agreement which in paragraph 19 provided: "Sales Representative hereby waives all rights to arbitration which may be provided by any federal, state or self-regulatory organization rule or regulation for the resolution of any dispute arising out of this contract or the termination thereof, including, but not limited to, the NASD Manual-Code of Arbitration Procedure Act Sec. 8.”
Bowles’ association with Wolf was terminated in March 1993. Shortly thereafter Wolf commenced this action against him alleging breach of contract, breach of fiduciary duty and misappropriation of trade secrets. Bowles then filed this motion to stay plaintiff’s action and to compel arbitration pursuant to CPLR article 75 and the Federal Arbitration Act, arguing that the Code requires arbitration of this dispute and that any agreement waiving arbitration is in violation of the NASD Rules of Fair Practice and thus void. Wolf has cross-moved to stay arbitration, asserting that the NASD Code in *754 effect in 1990 did not provide for arbitration of this type of dispute, but that if it did the defendant waived the right to avail himself of such procedure.
DISCUSSION
Since the U-4 Form provides for arbitration only if the rules of the organization with which the sales representative is registered (which in the case at bar was the NASD) require arbitration, the effect of this form requires an examination of the rules of that association.
Prior to October 1, 1993, sections 1 and 8 of the Code provided in relevant part:
"1) This Code of Arbitration Procedure is prescribed for the arbitration of any dispute, claim or controversy arising out of or in connection with the business of any member of the Association * * *:
"(1) between or among members;
"(2) between or among members and public customers, or others; and
"(3) between or among members, registered clearing agencies * * * and participants, pledgees or other persons using the facilities of a registered clearing agency * * *
"8) Any dispute, claim or controversy eligible for submission under part I of this Code between or among members and/or associated persons, and/or certain others, arising in connection with the business of such member(s), or in connection with the activities of such associated person(s), shall be arbitrated under this Code, at the instance of:
"(1) a member against another member;
"(2) a member against a person associated with a member or a person associated with a member against a member; and
"(3) a person associated with a member against a person associated with a member.”
In Farrand v Lutheran Bhd. (993 F2d 1253 [7th Cir 1993]), the plaintiff, who was asserting a claim based on age discrimination, had signed the same U-4 Form as the defendant herein. In denying the defendant’s motion to compel arbitration the court found that the phrase "or others” in paragraph (2) of section 1 (which is the section specifying parties whose disputes may be arbitrated) did not include associated persons because to interpret the phrase as inclusive of such persons would render paragraph (3) surplusage. With respect to the *755 term "or others”, the court stated (at 1255) that "[l]anguage of this kind in a list usually means 'others’ similar to preceding terms — here, perhaps, clients who for technical reasons cannot properly be called 'public customers.’ ” As a result, the conclusion reached was that section 1 of the Code "does not authorize, and § 8 therefore does not require, the arbitration of an employment dispute between a member of the NASD and one of the member’s registered representatives” (at 1255). On rehearing, the court noted that the NASD had recently proposed to specifically require arbitration of any dispute "arising out of the employment or termination of employment of such associated person(s) by and with such member” (at 1256), and observed that it was the position of the NASD that the amendment would only more clearly state what the Code already covers. However, the court adhered to its prior determination, concluding that a "change in the Code, rather than a strained interpretation of the current language, is the right way to proceed” (at 1257).
The amendment referred to in Farrand (supra) was subsequently adopted effective October 1, 1993 after approval by the Securities and Exchange Commission (which pursuant to 15 USC § 78s [b] [1] must approve all amendments to the Code), so that section 1 now reads, in pertinent part (with the italicized language being that added):
"Matters Eligible for Submission
"Sec. 1. This Code of Arbitration Procedure is prescribed * * * for the arbitration of any dispute, claim or controversy arising out of or in connection with the business of any member of the Association, or arising out of the employment or termination of employment of associated person(s) with any member * * *:
"(1) between or among members;
"(2) between or among members and associated persons;
"(3) between or among members or associated persons and public customers, or others; and
"(4) between or among members, registered clearing agencies * * * and participants, pledgees or other persons using the facilities of a registered clearing agency.”
Section 8 of the Code was also amended to include the language of the proposed amendment quoted above in the Farrand rehearing decision.
Viewing the 1993 amendments without explanation would *756 lead one to believe that employment disputes between members and associated persons were not previously required to be arbitrated. However, the NASD in explaining the reason for such amendment noted that a California court had held that the sections did not apply to employment disputes with associated persons, and stated (58 Fed Reg 39070, 39071): "The NASD has taken the position that employment disputes are arbitrable under Section 8, but in order to clear up any ambiguity, it is proposing the changes described above, which parallel the NYSE rule language.” Moreover, in the March 1993 NASD Regulatory and Compliance Alert it advised members that at the demand of an associated person, a member must submit any dispute to arbitration "particularly in those instances where employment contracts or other similar agreements exist”. The NASD had expressed this construction of the Code as early as 1987 (see, 52 Fed Reg 9232).
Recently, three Justices of this court have ruled on applications to compel arbitration in actions commenced by Wolf, which involved issues similar to those presented herein. In each case (see, Wolf & Co. v Carter, NYLJ, Feb. 15, 1994, at 24, col 2; Wolf & Co. v Franek, NYLJ, Feb. 15, 1994, at 24, col 5; Wolf & Co. v Egan, NYLJ, Feb. 15, 1994, at 24, col 6), the Justice found the interpretation of the Code in Farrand (supra) to be sound, and that hence prior to October 1993 the U-4 Form did not require arbitration of a dispute between a member and an associated person. However, they came to different conclusions as to the retroactivity of the October 1993 amendment. Justice Shainswit (in Carter) and Justice Schlesinger (in Franek) found the amendment was not retroactive and hence denied the motion to compel arbitration. However, Justice Solomon (in Egan) held to the contrary, finding that the amendment only altered the forum and did not change substantive rights, and hence retroactive application was appropriate. Accordingly, she directed the parties to proceed to arbitration.
I come to the same result as Justice Solomon, but for entirely different reasons. I conclude that Farrand (supra) was incorrectly decided and that the Code as it existed in 1990 provided for arbitration of this dispute, which could not be waived. The court in Farrand narrowly construed section 8 to apply only to those disputes which it interpreted were within the scope of section 1. Since it reasoned that section 1 did not provide for arbitration between members and associated persons, it concluded that section 8 did not require such parties *757 to arbitrate, reaching this result despite the fact that section 8 (a) (2) explicitly states that associated persons have arbitration rights against members. Thus, Farrand’s interpretation, based on the principle that paragraph (3) of section 1 would be rendered surplusage if arbitration of the subject dispute were required, was at the cost of making surplusage of the portion of section 8 which, in paragraph (2), mandates arbitration when demanded by an associated person against a member.
Clearly, prior to the October 1993 amendments, the sections of the Code involved herein were ambiguous. Even the Far-rand court conceded that "[i]t would not exceed the bounds of reason” to interpret the sections as permitting associated persons to demand arbitration of their employment disputes with members (993 F2d 1253, 1255, supra). But rather than resolving this ambiguity in favor of arbitration, that court narrowly construed the NASD Code, and reached a result that conflicts with the emphatic national policy of favoring arbitration. (See, Moses H. Cone Hosp. v Mercury Constr. Corp., 460 US 1, 24-25 [1983], where it was stated that "questions of arbitrability must be addressed with a healthy regard for the federal policy * * * [and] any doubts * * * should be resolved in favor of arbitration”; see also, Singer v Jeffries & Co., 78 NY2d 76, 81-82 [1991]; Fletcher v Kidder, Peabody & Co., 81 NY2d 623, 630 [1993], where it was noted that "the enforceability of the arbitration clause contained in these plaintiffs’ U-4 Form applications is governed by the” Federal Arbitration Act.)
Although Farrand (supra) is the only Circuit Court of Appeals to consider this issue, prior to that decision several District Courts had assumed that the Code required arbitration of such disputes. (See, e.g., Foley v Presbyterian Ministers’ Fund, 1992 WL 63269 [ED Pa, Mar. 19, 1992, Pollak, J.]); Gardner v Benefits Communications Corp., 1991 WL 294564 [DC Dist Ct, Dec. 31, 1991, Penn, J.].)
Subsequent to the Farrand decision (supra), at least one District Court has explicitly declined to follow it. In Strappes Group v Siedle (1993 WL 443926 [D Mass, Nov. 22, 1993, Keeton, J.]), the holding and reasoning in Farrand was found to be "of highly questionable validity and should not be followed”, the court reconciling sections 1 and 8 by interpreting the phrase "or others” in section 1 to include all the categories specifically identified in section 8.
Most importantly, the decision in Siedle (supra) is in accord *758 with the 1991 decision of our Court of Appeals in Singer v Jeffries & Co. (supra), where it was noted that section 1 "[o]n its face * * * does not appear to cover disputes between persons associated with members” (at 86), but that section 8 specifically requires arbitration at the demand of a person associated with a member against a person similarly situated. In concluding that the dispute between two associated persons is subject to arbitration, the court ruled (at 86): "In our view, a distinction must be drawn between a dispute eligible for arbitration under the section and the parties bound to arbitrate the dispute. In other words, section 1 of part I contains two components. First, it defines the substantive type of controversy which is within the scope of arbitration. Second, it defines the class of persons who may seek or be required to arbitrate such a controversy. Section 8 extends this class to include persons associated with a member who have an eligible dispute with other associates. Plaintiffs suit * * * is subject to arbitration under this latter section. Although neither of these parties is a member of the NASD, each is a person associated with a member * * * and the substantive dispute is the type arbitrable under part I since it arises out of or in connection with the business of the employer.” (Emphasis supplied.) (See also, Nelsen v Colleary, 152 Misc 2d 81 [Sup Ct, NY County 1991].)
The construction of these sections by the Singer and Siedle Courts is in harmony with the view expressed by the NASD referred to above. The principle that an interpretation by an administrative agency of its own regulations is entitled to the greatest weight and that a court should defer to such interpretation provided that it is not irrational or unreasonable has been applied to self-regulatory agencies (such as the former Conciliation and Appeals Board) as well as to government agencies (see, Matter of Cale Dev. Co. v Conciliation & Appeals Bd., 94 AD2d 229 [1st Dept 1983], affd 61 NY2d 976 [1984]; Matter of Plaza Realty Investors v New York City Conciliation & Appeals Bd., 111 AD2d 395 [2d Dept 1985]).
Based on the foregoing, I conclude that pursuant to the U-4 Form, this dispute is subject to arbitration under the provisions of the Code as it existed in November 1990 when the subject documents were executed.
Regarding the waiver contained in the employment agreement executed at even date with the Form U-4, I find that the waiver is unenforceable. In 1987 the Board of Governors of the NASD adopted a resolution, approved by the *759 Securities and Exchange Commission on April 28, 1987, specifying that it "shall be considered conduct inconsistent with just and equitable principles of trade and a violation of Article III, section 1 of the NASD’s Rules of Fair Practice for a member to require its associated persons to waive the arbitration of disputes arising out of their association with the member” (52 Fed Reg 9232).
In light of such resolution of this self-regulatory body declaring a waiver of the right to arbitration to be in violation of "equitable principles of trade”, I conclude that it would be inappropriate to enforce the waiver.
Accordingly, this action is stayed and the parties are directed to proceed to arbitration pursuant to the Code.