OPINION OF THE COURT
Harold Hyman, J.
This is a CPLR article 78 proceeding brought by petitioner pro se to prevent respondent, City of New York Department of Housing Preservation, from enforcing certain housing violations against him. The affected property is a single-family dwelling owned by the petitioner. Respondent, City of New York, opposes and has served its answer to the petition. The premises is leased to one Gladis Sims. The violations were issued to the petitioner. This proceeding is based on subdivision c of section D26-10.01 of the Administrative Code of the City of New York, and a lease to Sims dated May 29, 1979. The former provides:
“D26-10.01 Duties of owner * * *
“c. The owner of a one- or two-family dwelling shall keep the premises in good repair, and shall be responsible for compliance with the provisions of this code, except to the extent otherwise agreed between him and any tenant of such dwelling by lease or other contract in writing, or except insofar as responsibility for compliance with this code is imposed upon the tenant alone.”
The latter provides: “That throughout said term, the Tenant will take good care of the demised premises and appur *662 tenances, and suffer no waste or injury; make, as and when needed, all interior and exterior repairs in and about the demised premises and the fixtures and appurtenances, which repairs shall be in quality and class, equal to the ordinances and governmental regulations”.
Petitioner contends, that, these provisions relieve him of liability for curing the violations; and since the violations are due to the willful negligence of the tenant, her family and guests, that the only party to be served with such a violation is the tenant. Respondent’s opposition is based on another section of the Housing Maintenance Code (Administrative Code, tit D) entitled “Duties of tenant” which provides, inter alia, “The fact that a tenant is or may be liable for a violation of this code or any other law or is found liable for civil or criminal penalties does not relieve the owner of his obligation to keep the premises, and every part thereof, in good repair.” (Administrative Code, § D2610.03, subd c.) Respondent argues that this section does not except owners of one- and two-family dwellings.
Neither party presents any authority for its position nor has the court found such. The legislative purpose of the Housing Maintenance Code is contained in section D261.03. It seeks to preserve decent housing, to prevent adequate or salvageable housing from deteriorating beyond reclamation and to provide minimal health standards in unsalvageable dwellings pending their replacement. Enforcement of violations against, as in this case, the sole tenant of a one-family dwelling rather than the landlord would do disservice to those purposes. (See Administrative Code, §026-51.01, subd [b].)
This court is of the opinion that the exception created by subdivision c of section D26-10.01 for one- and two-family dwellings is intentionally obviated by subdivision c of section D26-10.03 and that the section should be construed as establishing rights against both the landlord and tenant, but leaving unaffected the municipality’s right to nonetheless issue violations against the landlord so as to cause said violations to be cured. It should be noted further that although respondent indicates that petitioner may have the remedy of eviction under section D26-10.09, that section is premised on a conviction of a tenant for code *663 violations of specific origin. Yet in the absence of a notice of violation to the tenant, this section would appear to be inoperative and unavailable to the instant landlord. On the other hand it does not follow that the petitioner owner-landlord is deprived of the right to terminate the lease and to a summary proceeding under the Real Property Actions and Proceedings Law following tenant’s failure to cure the violations.
Accordingly, the application is denied, and the petition is dismissed without prejudice to the service of the violations upon the tenant of the subject premises also.