■ URBAN ASSOCIATES, Appellant, v HELEN HETTINGER, Defendant, and JUSTIN HOY, Respondent.—Order, Supreme Court, New York County (Burton Sherman, J.), entered February 7, 1991, which, to the extent appealed from, granted defendants' cross motion for summary judgment dismissing the complaint, is unanimously affirmed, without costs.

We agree with IAS that this action for a declaratory judgment is an improper attempt to collaterally attack the determination of the New York State Division of Housing and Community Renewal that the apartment is subject to the Rent Stabilization Code. Plaintiff should have exhausted its administrative remedies with respect to the rent regulated status of the apartment, after which the appropriate procedure would have been to commence a CPLR article 78 proceeding *(Matter of Vanway Overland Express v Department of Hous. Preservation & Dev.,* 127 Misc 2d 331). We note that the Housing Court did not, by so ordering the stipulation which discontinued the action before it, make a determination of non-primary residence. A representation in a stipulation is not to be equated with a judicial finding.

If we were to review plaintiff's contentions on the merits,

we would agree with IAS that the stipulation on which plaintiff relies violates Rent Stabilization Code (9 NYCRR) § 2525.3 (b), and is therefore unenforceable, since the parties could not, by private agreement, deregulate the apartment. We would add that although this provision took effect after the stipulation was executed, it is given retroactive application, absent undue hardship or prejudice, by the Rent Stabilization Code. Considering that plaintiff offered two renewal leases to this tenant, subsequent to the original lease, in conformity with stabilization guidelines, we perceive no undue hardship or prejudice attendant upon retroactive application of this prohibition.

Finally, plaintiff cannot have relief from the statute, or estop tenant from asserting his statutory rights *(see, e.g., Matter of Hauben v Goldin,* 74 AD2d 804), and we reject plaintiff's attempt to obtain what is, in effect, a judicially enforced waiver of the Rent Stabilization Code. Since plaintiff has granted two renewal leases to defendant, we do not perceive any basis for a theory of reliance upon which an estoppel argument can be predicated. Concur—Wallach, J. P., Kupferman, Ross and Smith, JJ.