OPINION OF THE COURT
Emily Jane Goodman, J.
This dispute arises out of the sale of an apartment building at 80 East 3rd Street, New York, New York, in December 1985. Defendant Jerry Lynch (Lynch) sold the premises to the plaintiff, Giuseppe Costantino (Costantino), pursuant to a contract of sale which provided, inter alia, that "it is distinctly understood and agreed that the rents being collected by Seller represent the rents actually collected, and that no representation is made by seller to the purchaser that the said rentals are the legal rentals.” (The contract of sale is exhibit A to the affidavit of Jerome Lynch in support of motion to dismiss. The cited provision is in schedule D to the contract.) After Mr. Costantino took possession of the building, he learned that Mr. Lynch had failed to register apartment No. 2 with the New York State Division of Housing and Community Renewal (DHCR). Plaintiff learned this during the course of a rent overcharge proceeding commenced by Mr. Prieto, the tenant of apartment No. 2. Lynch’s failure to timely serve and file an initial rent registration with DHCR caused DHCR to determine that the rent for apartment No. 2 was frozen at $394.56 from January 1984 until plaintiff discovered defendant’s failure and filed the registration in 1992. DHCR assessed the plaintiff treble damages for the overcharge. In the course of the DHCR proceeding plaintiff also learned that defendant had not been entitled to the rent increases charged for apartment No. 2 based upon alleged renovations. Plaintiff alleges that he has been damaged in the sum of $45,000 as a result of the DHCR overcharge determination, plus attorneys’ fees. The *926 complaint alleges that defendant’s representations, within and without the contract, that the rents collected were the "regulated rents”, constitutes fraud.
Defendant now moves to dismiss the complaint, relying on the contract provision which provides that no representation was made by him that the rents collected are legal rents and also on Statute of Limitations grounds. Defendant also states that he does not know the tenant in apartment No. 2, Mr. Prieto.
LEGAL DISCUSSION
In considering this motion to dismiss the complaint, the court must draw all inferences favorable to the plaintiff. (Katz v American Tech. Indus., 96 AD2d 932 [2d Dept 1983].) Here, plaintiff has set forth a valid cause of action for fraud. The necessary elements of fraud are "that a representation of a material fact was made; that such representation was false, and known to be false by the party making it, or was recklessly made; that such representation was made to deceive and to induce the other party to act upon it; and that the party to whom the representation was made relied upon it to its injury or damage.” (Orbit Holding Corp. v Anthony Hotel Corp., 121 AD2d 311, 314.)
Plaintiff has pleaded that defendant knowingly and falsely represented that the apartments were registered to DHCR; the representation was made to deceive plaintiff and to induce him to act upon it and proceed with the purchase; plaintiff relied upon that representation in the contract; and plaintiff has now suffered damages flowing from the DHCR rent overcharge proceeding.
Although the provision in the contract relied upon by defendant states that defendant did not represent that the rents were legal, the rider to the contract lists the rents under the heading "registered rental”. However, the court need not decide whether two provisions are inconsistent because I find, as a matter of law, that, the provision relied on by defendant is illegal and therefore unenforceable and void. Defendant’s interpretation of the provision turns the contract into a private agreement to deregulate an apartment that DHCR has determined is a rent-stabilized unit. The Appellate Division, First Department, has rejected similar attempts to obtain what are, in effect, judicially enforced waivers of the Rent Stabilization Code. (See, Urban Assocs. v Hettinger, 177 AD2d *927 439.) In Urban, a landlord’s action for a judgment declaring that an apartment was not subject to rent stabilization was rejected as an improper attempt to collaterally attack a DHCR determination that the unit was covered. The court also held that a stipulation between the landlord and the tenant, whereby the tenant agreed to waive rent stabilization, was unenforceable under section 2525.3 (b) of the Rent Stabilization Code which prohibits the parties from deregulating an apartment by private agreement. (See also, Norms Realty Corp. v Rodriguez, 108 Misc 2d 124 [Civ Ct, Bronx County 1981] [court will not enforce agreement that waives legal maximum rent allowed under rent control statute].)
The Rent Stabilization Law is a tenant protection statute which implements the important public policy of protecting tenants in the apartment rental market. As such, it must be strictly enforced and any attempt by landlords to escape coverage must be rejected. Although the case at bar differs from Urban (supra), and other cited cases in that the tenants who are protected by the applicable statute are not parties to the action, enforcement of the offending contract provision would have the same effect as an impermissible enforcement of a tenant’s waiver of her own rights. In either situation, the court would be countenancing an unlawful attempt by a landlord to evade the rent protection statute. The Court of Appeals, in Estro Chem. Co. v Falk (303 NY 83, 86-87), explained the public policy behind the strict prohibition against waivers of rights afforded to tenants under the tenant protection laws: "The same policy considerations which forbid waiver of basic maximum rents under the act, also prohibit waiver or release of the tenant’s right to the return of moneys paid in excess of such maximum rents * * * Knowledge on the part of a landlord that he cannot escape liability for excess payments of rent under any circumstances, tends to insure compliance with the statute. The obtaining of excessive rents strikes at the very purpose of the act. Any agreement by which a tenant waives or releases the benefits conferred by the act, nullifies that purpose and must be held to be expressly forbidden by [the act].”
Similarly, knowledge on the part of a landlord that he cannot escape liability by colluding with his successor-in-interest to evade the tenant protection statutes also will help ensure compliance with the statutes. If anything, defendant’s attempt here to enforce this provision, without the knowledge or consent of the tenants, is more egregious than cases where *928 landlords at least attempted to provide tenants with some consideration for their waiver of their rights. Thus, this court will not enforce a contract provision or a contract of sale which is in clear derogation of the rights afforded tenants and by extension the purchaser under the tenant protection laws.
Moreover, defendant has not denied the allegations in plaintiff’s complaint that, during negotiations for the purchase and sale, defendant represented to plaintiff that the individual apartments in the subject building had been registered with the DHCR and that the major capital improvement increases were properly and legally computed. (Affidavit of Costantino, Iflf 5, 6.) Plaintiff is entitled to consideration of this paroi evidence as the court has determined that he has stated a cause of action for fraud. (See, Danann Realty Corp. v Harris, 5 NY2d 317, 320.) Even where the parties have executed a specific disclaimer of reliance on the seller’s representation, the purchaser may claim reliance on an oral misrepresentation if the misrepresented facts are peculiarly within the seller’s knowledge. (Supra, at 322.) Defendant here presumably was aware of whether or not the apartments were registered and whether the rent increases were legal.
Defendant also moves to dismiss on the grounds that the Statute of Limitations for fraud has run. However, plaintiff’s verified complaint and moving affidavit state that plaintiff first discovered the fraud on or about August 1992. As the element of scienter is alleged in the complaint, the fraud cause of action is actual, rather than constructive, and the applicable Statute of Limitations is the later of six years from the commission of the fraud or two years from the date of discovery. (Bernstein v La Rue, 120 AD2d 476 [2d Dept 1986].) Plaintiff did not discover the fraud until the DHCR proceeding, in September 1992. The action was therefore timely commenced in July 1994.
Thus, defendant’s motion to dismiss is denied in its entirety and this court declares as a matter of law that the provision in schedule D to the parties’ contract of sale dated December 20, 1985 providing a disclaimer as to the legality of the collected rents is illegal and unenforceable.