In the Matter of JAMES HAMPARES, Appellant, v STATE OF NEW YORK DIVISION OF HOUSING AND COMMUNITY RENEWAL, Respondent. [724 NYS2d 844] —Judgment, Supreme Court, New York County (William McCooe, J.), entered December 13, 1999, which dismissed petitioner landlord's application pursuant to CPLR article 78 to vacate the determination of rent overcharge

by respondent State of New York Division of Housing and Community Renewal (DHCR), unanimously affirmed, without costs.

The IAS court properly dismissed the petition since DHCR's determination was rationally based (*see, Matter of Colton v Berman,* 21 NY2d 322, 329). DHCR found that a so-ordered stipulation of settlement, entered into in Civil Court between petitioner landlord and a *pro se* tenant, did not waive the tenant's right to pursue her overcharge complaint pending before the DHCR. The tenant was not represented by counsel at the time she entered into the stipulation of settlement, and, in any case, the stipulation of settlement did not state that the tenant would withdraw her pending DHCR complaint (*see, Matter of 4947 Assocs. v New York State Div. of Hous. & Community Renewal,* 199 AD2d 179). Additionally, there was no indication in the stipulation that the rent was being set pursuant to the Rent Stabilization Code, and the representation in the stipulation to the effect that the tenant was to be granted an offset based on an "alleged overcharge" cannot be construed as a judicial finding that the rent set in the stipulation was legal (*see, Urban Assocs. v Hettinger,* 177 AD2d 439, *lv denied* 79 NY2d 759). Concur—Nardelli, J. P., Tom, Andrias, Rubin and Marlow, JJ.