Matter of Enriquez v New York State Div. of Hous. & Community Renewal (2018 NY Slip Op 07353)





Matter of Enriquez v New York State Div. of Hous. & Community Renewal


2018 NY Slip Op 07353


Decided on November 1, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 1, 2018

Renwick, J.P., Richter, Manzanet-Daniels, Gische, Tom, JJ.


7531 101924/16

[*1]In re Angelica Uribe Enriquez, Petitioner-Respondent-Appellant,
v
New York State Division of Housing and Community Renewal, Respondent-Appellant-Respondent.


Mark F. Palomino, New York State Division of Housing and Community Renewal, New York (Eu Ting-Zambuto of counsel), for appellant-respondent.
Northern Manhattan Improvement Corp. Legal Services, New York (Matthew J. Chachère of counsel), for respondent-appellant.



Order and judgment (one paper), Supreme Court, New York County (Arlene P. Bluth, J.), entered August 9, 2017, which granted the petition to annul respondent's (DHCR) final determination, dated September 26, 2016, denying the petition for administrative review of a rent overcharge order, to the extent of vacating the determination and remanding the proceeding brought pursuant to CPLR article 78 for a new determination, unanimously reversed, on the law, without costs, the determination reinstated, the petition denied, and the proceeding dismissed.
DHCR correctly calculated the legal regulated rent by taking the base rent (as of four years before the rent overcharge petition) and adding thereto all "subsequent lawful increases and adjustments" (Rent Stabilization Code [9 NYCRR] § 2526.1[a][3][i]). Contrary to the court's finding, the subject rent registration statements were "proper" within the meaning of Rent Stabilization Law (RSL) (Administrative Code of City of NY) § 26-517(e). That provision requires landlords to "file a proper and timely initial or annual rent registration statement," which means a statement of the "rent charged on the registration date" (id. § 26-517[a]), or "current rent" (id. § 26-517[f]), rather than the technically legally collectible rent (see Dodd v 98 Riverside Dr., LLC, 2012 NY Slip Op 31653[U], *4 [Sup Ct, NY County 2012]). The rent registration statements recorded the actual amount of rent charged to the tenant and were not the product of fraudulent leases or otherwise legal "nullities" (see Bradbury v 342 W. 30th St. Corp., 84 AD3d 681, 683-684 [1st Dept 2011]; Jazilek v Abart Holdings, LLC, 72 AD3d 529, 531 [1st Dept 2010]).
Supreme Court erred in sua sponte directing that, on remand, DHCR could "revisit" its finding of willfulness, because this issue was not raised at the agency level (see Matter of Hughes v Suffolk County Dept. of Civ. Serv., 74 NY2d 833 [1989]). Nor, in any event, did the landlord adduce sufficient evidence before the
agency to rebut the statutory presumption of willfulness (see RSL § 26-516[a]; Draper v Georgia Props., 230 AD2d 455, 460 [1st Dept 1997], affd 94 NY2d 809 [1999]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: NOVEMBER 1, 2018
CLERK