325 Melrose, LLC, Appellant,
against
Joshua Bloemendall and Nathaniel Schlosser, Respondents. 




Graubard Miller (Peter A. Schwartz and Joseph H. Lessem of counsel), for appellant.
The Law Office of Walter Jennings, P.C., for respondents (no brief filed).

Appeal from an order of the Civil Court of the City of New York, Kings County (Julie Poley, J.), entered March 20, 2018. The order, insofar as appealed from, denied landlord's cross motion for summary judgment dismissing tenants' rent-overcharge counterclaim, in a nonpayment summary proceeding.




ORDERED that the order, insofar as appealed from, is affirmed, without costs.
In this nonpayment proceeding, the petition alleges that the apartment is not subject to rent stabilization. Tenants answered, asserting, among other things, that the apartment is subject to rent stabilization and that it violates the certificate of occupancy, and counterclaiming for, among other things, rent overcharge. After tenants' unopposed motion to dismiss the petition based on the violation of the certificate of occupancy was granted, tenants moved for summary judgment on, among other things, their rent-overcharge counterclaim. Landlord cross-moved, insofar as is relevant to this appeal, for summary judgment dismissing the overcharge counterclaim, asserting three different theories for the premises' deregulation prior to the current tenants' possession. First, landlord asserted that the building had been substantially rehabilitated in compliance with the requirements set forth in Emergency Tenant Protection Act of 1974 § 5 (A) (5), Rent Stabilization Code (9 NYCRR) (RSC) § 2520.11, and Operational Bulletin 95-2 of the New York State Division of Housing and Community Renewal (DHCR), which, if met, allow [*2]for the deregulation of the entire building. Second, landlord argued that a substantial alteration of the apartment, in compliance with RSC § 2520.11 (r) (12), had occurred when the outer walls of the apartment had been moved to expand the apartment by 87 square feet and landlord changed the layout of the apartment. Finally, landlord claimed that, even had the building not been substantially rehabilitated or the apartment not been substantially altered, the apartment would have been deregulated due to high-rent vacancy deregulation (see RSC § 2520.11 [r] [4]).
In an order dated March 20, 2018, the Civil Court denied both tenants' motion and landlord's cross motion, stating, "To the extent that [landlord] is alleging multiple theories of deregulation, and [tenant] is alleging that the Apartment was fraudulently removed from rent stabilization, the facts presented by both parties leave the central material issue of whether [tenants were] overcharged in dispute[,] precluding both parties from summary judgment." Landlord appeals from so much of the order as denied its cross motion.
Pursuant to RSC § 2520.11 (e) (3), in order for a housing accommodation to qualify for exemption from rent stabilization based on a rehabilitation,
"the rehabilitation must have been commenced in a building that was in a substandard or seriously deteriorated condition. . . . Where the rehabilitation was commenced in a building in which at least 80 percent of the housing accommodations were vacant of residential tenants, there shall be a presumption that the building was substandard or seriously deteriorated at that time."
Here, landlord failed to demonstrate as a matter of law that the rehabilitation was commenced in a substandard or seriously deteriorated building. In support of the cross motion, landlord's sole member stated, "When [landlord] took title, the Building was in a substandard and deteriorated condition. The plumbing, heating, gas supply, electrical wiring, windows, interior staircase and apartments were outdated and in very poor condition. The flooring, walls, roof and Building entrance doors were in need of repairs or replacements. The apartment entrance doors were not fire-rated. There was no intercom." These allegations were conclusory and lacked the detail necessary to establish that the building was in a substandard or seriously deteriorated condition. An architect's affidavit annexed to landlord's motion, which is referred to in the concurring opinion, was prepared after an inspection of the building in 2017 and without personal knowledge as to the state of the building before the renovation. The 50 violations in the violations summary report, also annexed to landlord's motion and referred to in the concurrence, were from over a 14-year period, included a number of unverified violations, and were for specific apartments or rooms, as opposed to the entire building, and the vast majority were minor issues, such as requiring new plaster or paint in a particular room of an apartment. Further, it is unclear whether the conditions causing said violations were still in existence at the time of the renovation. The alleged emergency renovations were unspecified and unverified by anyone with personal knowledge. Finally, based upon landlord's DHCR rent registration statements, two of the eight units were occupied, and thus 75% of the building was unoccupied, so that the presumption of substandard or deteriorated condition, which applies where 80% of the units are [*3]vacant (RSC § 2520.11 [e] [3]), does not apply here.
Landlord's claim of a substantial alteration of the apartment, which would allow a "first rent" to be charged, is governed by RSC § 2520.11 (r) (12). That section provides that, "where an owner substantially alters the outer dimensions of a vacant housing accommodation, which qualifies for a first rent equal to or exceeding the applicable monthly rent amount qualifying for deregulation, as provided in this subdivision, exemption pursuant to this subdivision shall apply." The phrase "substantially alters" has been interpreted to mean "when the perimeter walls of the apartment have been substantially moved and changed and where the previous apartment, essentially, ceases to exist, thereby rendering its rental history meaningless" (Matter of 300 W. 49th St. Assoc. v New York State Div. of Hous. & Community Renewal, Off. of Rent Admin., 212 AD2d 250, 253 [1995]; see Matter of Devlin v New York State Div. of Hous. & Community Renewal, 309 AD2d 191, 194 [2003] [defining substantial alteration to mean "reconfiguration plus obliteration of the prior apartment's particular identity"]; see also Dixon v 105 W. 75th St. LLC, 148 AD3d 623 [2017]). Here, landlord failed to establish its entitlement to judgment as a matter of law with respect to this claim because it failed to submit evidence demonstrating any such reconfiguration, as the floor plans do not reflect any reconfiguration of the rooms of the unit or any apparent changes beyond potential expansion of hallway space, and landlord failed to assert any details describing the alleged reconfiguration.
Finally, landlord failed to establish its claim of high-rent vacancy deregulation. Landlord's contention that no colorable claim of fraud exists, precluding the examination of more than four years of rental history, lacks merit in view of the legislature's recent sweeping changes to the rent-overcharge statutes (L 2019, ch 36, part F), which changes are applicable to pending claims (see id., § 7). Courts are now required to "consider all available rent history which is reasonably necessary to make" a determination as to whether a rent overcharge exists (Rent Stabilization Law [Administrative Code of City of NY] [RSL] § 26-516 [a]).[FN1]
As such, we examine the rent history going back to when the last registration statement was filed, in 2005, to determine the rent-regulatory status of the premises. Pursuant to RSL § 26-517 (e), "The failure to file a proper and timely . . . annual rent registration statement shall, until such time as such registration is filed, bar an owner from applying for or collecting any rent in excess of the legal regulated rent in effect on the date of the last preceding registration statement." The 2005 DHCR rent registration statement provides that the legal regulated rent for the apartment was $1,483 per month. In view of our rejection of landlord's substantial-rehabilitation and substantial-alteration claims, landlord has failed to demonstrate as a matter of law any reason why rent should not be frozen, based on landlord's failure to register, at the rate of $1,483 per month pursuant to RSL § 26-517 (e) (see RSC § 2528.4 [a]; Jazilek v Abart Holdings, LLC, 72 AD3d 529, 531 [2010] ["A [*4]landlord's failure to file a 'proper and timely' annual rent registration statement results in the rent being frozen at the level of the 'legal regulated rent in effect on the date of the last preceding registration statement' "]; 125 Ct. St., LLC v Sher, 58 Misc 3d 150[A], 2018 NY Slip Op 50092[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2018]).

Accordingly, the order, insofar as appealed from, is affirmed.

ALIOTTA and ELLIOT, JJ., concur.

WESTON, J.P., concurs in the following memorandum:

While I concur with the majority that the motion for summary judgment was properly denied, I agree with the implicit findings by the Civil Court that landlord made a prima facie showing which was properly rebutted by tenant, and disagree with the majority's holding that landlord's papers failed to demonstrate entitlement to judgment as a matter of law. Thus, I would affirm on the grounds asserted by the Civil Court.

It is well settled that a motion for summary judgment "shall be granted if, upon all the papers and proof submitted, the cause of action or defense shall be established sufficiently to warrant the court as a matter of law in directing judgment in favor of any party" (CPLR 3212 [b]). The proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law by presenting admissible evidence demonstrating the absence of any material issues of fact (see e.g. Alvarez v Prospect Hosp.,68 NY2d 320, 324 [1986]; Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). Once this showing has been made, the burden shifts to the party opposing the motion to tender evidentiary proof in admissible form sufficient to establish the existence of a triable issue of fact (see Alvarez,68 NY2d at 324; Zuckerman, 49 NY2d at 562). With respect to the submissions of the proponent and opponent alike, "mere conclusions, expressions of hope or unsubstantiated allegations or assertions are insufficient" (see Zuckerman v City of New York, 49 NY2d at 562).

Here, landlord's submissions entitled it to judgment as a matter of law. As recognized by the majority, landlord's motion is premised upon three different theories—substantial rehabilitation, substantial alteration, and deregulation due to high rent vacancy. Contrary to the majority's opinion, landlord's proof was sufficiently detailed to establish that the building was in substandard condition and that substantial renovations occurred. In support of its motion, landlord submitted an architecture expert's affidavit, an affidavit from the managing member of the LLC, a building violations summary report, which listed 50 violations on record including eight class "C" (immediately hazardous) violations, and proof that the City had performed multiple emergency repairs to the building. These submissions adequately demonstrated that the building required extensive repairs or replacement including: new fire resistant doors, kitchens and bathroom floors, walls and ceilings; repairs to the entry door; new hallway balusters; repairs to the windows; lead abatement and new paint and plaster; repair of defective or broken floors; vermin and roach abatement; radiator repairs; installment of new window security bars; new lighting; and cellar work. Landlord's architecture expert detailed the history of the building's renovation, noting that in 2006 when these renovations had been done, the plumbing, heating, [*5]gas supply, electrical wiring and roof were all original to the building, which was constructed in 1891. Upon reviewing the extent of the work performed and the applicable Operational Bulletin 95-2, the expert opined that the building had undergone a substantial rehabilitation. In light of the detailed proof submitted, landlord's submissions were far from conclusory, but were sufficient to sustain its burden in establishing a prima facie case. Nevertheless, summary judgment was properly denied, as tenant adequately rebutted this showing by raising a triable issue of fact.

Similarly, landlord's proof was sufficient to demonstrate that substantial alterations had occurred in the specific unit (see Rent Stabilization Code [9 NYCRR] § 2522.4 [a] [1]). Landlord submitted documentation showing that in addition to fully renovating the kitchen and bathroom, landlord had reconfigured the apartment by significantly increasing the square footage and installing an interior staircase. While landlord satisfied its burden of establishing, prima facie, the performance of substantial alterations, tenant's submissions rebutted that showing. Lastly, an issue of fact clearly exists as to landlord's high-rent vacancy claim under these circumstances. 

Accordingly, I vote to affirm for the reasons stated by the Civil Court.

ENTER:

Paul Kenny

Chief Clerk

Decision Date: October 18, 2019



Footnotes

Footnote 1: We note that even under the prior law, consideration of events beyond the four-year period was permissible to determine whether an apartment was rent regulated (see Mautner-Glick Corp. v Higgins, 64 Misc 3d 16 [App Term, 1st Dept 2019]).