Reichenbach v Jacin Invs. Corp., N.V. (2021 NY Slip Op 00041)





Reichenbach v Jacin Invs. Corp., N.V.


2021 NY Slip Op 00041


Decided on January 05, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 05, 2021

Before: Webber, J.P., Singh, Kennedy, Shulman, JJ. 


Index No. 155013/19 Appeal No. 12773 Case No. 2020-02356 

[*1]Bill Reichenbach, et al., Plaintiffs-Respondents,
v
Jacin Investors Corp., N.., et al., Defendants-Appellants.


Okun & Churneftsky LLP, New York (John M. Churneftsky of counsel), for appellants.
Sutton Sachs Meyer PLLC, New York (Zachary G. Meyer of counsel), for respondents.



Order, Supreme Court, New York County (Robert D. Kalish, J.) entered September 24, 2019, which denied defendants' motion to dismiss the claims of Erika Abrams (Abrams) pursuant to CPLR 3211, unanimously affirmed, without costs.
The motion court properly denied dismissal of Abrams's cause of action on the grounds that she is barred from asserting these claims by virtue of a settlement of a prior proceeding between Abrams and defendant Jacin Investors Corporation, N.V. (Jacin N.V.) in New York Civil Court, Housing Part, for rental arrears and a judgement of possession. By stipulation, Abrams agreed to make installment payments in satisfaction of the claim for rental arrears and agreed that the apartment was not rent stabilized. In exchange, Jacin N.V. agreed to renew her free-market lease.[FN1]
Under Rent Stabilization Code (RSC) (9 NYCRR) § 2520.13, and this Court's holding in Drucker v Mauro (30 AD3d 37 [1st Dept 2006], lv dismissed 7 NY3d 844 [2006]), an agreement by the tenant to waive the benefit of any provision of the Rent Stabilization Law or Code is void. Here, defendants maintain that Abrams was represented by counsel in the negotiation of the stipulation in Housing Court, and therefore the exception to the RSC 2520.13 would apply, insofar as it "allows tenants to withdraw claims through a negotiated settlement, or with the approval of the DHCR or a court, or where the tenant is represented by counsel" (see Borden v 400 E. 55th St. Assoc., L.P., 24 NY3d 382, 397 [2014], citing RSC 2520.13). Given the procedural posture of the action, however, the motion court properly determined that the documentary evidence did not establish as a matter of law that the stipulation did not violate RSC 2520.13 (see e.g. Jazilek v Abart Holdings, LLC, 72 AD3d 529, 532 [1st Dept 2010] ["it cannot be presumed that in so-ordering the stipulation, the Housing Court was making any finding that the stated monthly rent was the legal regulated rent"]).
We also note that while under the limited exceptions set forth in RSC 2520.13, a stipulation may resolve claims for overcharges, the parties themselves are not the arbiters of whether the apartment is subject to rent stabilization in the first instance (Kattan v 119 Christopher LLC, 180 AD3d 566, 566 [1st Dept 2020], lv dismissed 35 NY3d 1004 [2020] ["plaintiffs' rights under the rent stabilization laws do not arise from the stipulation but under the relevant statutes that confer rent stabilization protections on them"]). Accordingly, the question of the extent to which the stipulation may be enforced under RSC 2520.13, cannot be resolved on a motion to dismiss.
We have considered defendants' remaining contentions and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 5, 2021



Footnotes

Footnote 1: In November 2018, Jacin N.V. commenced a second holdover proceeding against Abrams. That proceeding was voluntarily discontinued in April 2019.